CHAMBERS

FILED

2012 SEP 11  PM 3: 22

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

[COPY]

1  Kenneth D. Freundlich (SBN119806)
   FREUNDLICH LAW
2  16133 Ventura Blvd. Suite 1270
   Encino, CA  91436
3  P: (818) 3775-3790
   F: (310) 275-5351
4  E-Mail: ken@freundlichlaw.com

5
   Attorneys for Defendant COURTNEY LOVE COBAIN
6

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10  JESSICA LABRIE, an individual,        )  Case No. CV12-7793-GHK
                                          )              (JCGx)
11              Plaintiff,                )
                                          )
12       vs.                              )  NOTICE OF REMOVAL
                                          )
13                                        )  [DEMAND FOR JURY TRIAL]
                                          )
14  COURTNEY LOVE COBAIN,                 )
    an individual; and DOES 1 through 25, )
15  inclusive                            )
                                          )
16              Defendants.               )
    --------------------------------------)
17                                        )

18

19

20

21

22

23

24

25

26

27

28

                    DEFENDANT'S NOTICE OF REMOVAL

Defendant Courtney Love Cobain ("Love"), by its undersigned counsel, has filed this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, *et seq.*, from the Superior Court of the State of California for the County of Los Angeles, West Judicial District, to the United States District Court for the Central District of California. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that the parties share complete diversity of citizenship and the amount in controversy exceeds $75,000. In support of this Notice of Removal, Love states the following facts which entitle her to remove:

*The State Court Action*

1. On or about July 10, 2012, plaintiff Jessica Labrie ("Labrie") commenced a civil action by filing a complaint in the Superior Court of the State of California for the County of Los Angeles, West Judicial District, captioned *Jessica Labrie v. Courtney Love Cobain and DOES 1 through 25, inclusive*, Case No. BC 488024 (the "Complaint"). The complaint consists of eleven counts – Wrongful Constructive Termination In Violation of Public Policy (three separate counts), Failure to Reimburse Reasonable Business Expenses, Failure to Pay Wages, Failure To Pay Overtime, False Promise, International Misrepresentation, Negligent Misrepresentation, Breach of Contract and Intentional Infliction of Emotional Distress.

2. A copy of the Complaint is attached hereto as **Exhibit A** as required by 28 U.S.C. 1446(a).

*Jurisdiction*

3. This action is a civil action of which this Court has original jurisdiction under under 28 U.S.C. § 1332, and one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, *et seq.*, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because Plaintiff seeks damages in excess of that amount. In support of this Notice of Removal, Love states the following facts which entitle her to remove:

**DEFENDANT'S NOTICE OF REMOVAL**

*This Notice is Timely Filed*

1)    The Complaint is the initial pleading setting forth the claims upon which this action is based. Labrie served Love by substitute service in New York City on August 13, 2012 where Love resides in New York City.

2)    A defendant's time to remove commences when the defendant receives a copy of the complaint, through service or otherwise. 28 U.S.C. § 1446(b).  Thus, this notice is timely filed, as it is filed within 30 days of defendant Love's receipt of the Complaint through service as required by 28 U.S.C. § 1446(b). A copy of the Proof of Service is attached as **Exhibit B** (Love's personal address has been whited out except for the part that identifies it as being in New York City).

*There Is Complete Diversity of Citizenship*

3)    The Complaint fails to allege the citizenship of Love. Defendant Love is an individual living in New York, New York and is a citizen of New York State. Declaration of Courtney Love Cobain dated September 10, 2012 ("Cobain Dec."),¶2, attached hereto. Labrie also makes allegations against a number of Defendants named only as "Does 1 through 25, inclusive." The citizenship of these defendants may be disregarded for purposes of removal. 28 U.S.C. § 1441(a).

4)    Labrie is alleged to be a resident of the City of Vancouver, British Columbia, Canada and is therefore a citizen of Canada. Complaint ¶1.

5)    There is therefore complete diversity for removal purposes.  *See Johnson v.Columbia Properties Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006).

*No Defendant Is a Citizen of California*

6)    None of the Defendants is a citizen of California.

*The Amount in Controversy Requirement Is Satisfied*

7)    Labrie's Complaint is silent as to the amount of damages sought. However, several allegations make plain that the amount in controversy here exceeds the $75,000 jurisdictional minimum of this Court -- it is facially apparent from the Complaint that the claims likely exceed $75,000. *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295 (5th Cir. 1999);

DEFENDANT'S NOTICE OF REMOVAL

1  *White v. FCI USA, Inc.*, 319 F. 3d 672 (5th Cir. 2003) (a wrongful termination case). First,

2  the Complaint ¶24, alleges that Love promised Labrie a "full ride" scholarship to Yale

3  University, which, according to the Yale website means a promise valued in excess of

4  $160,000.00. Freundlich Dec., ¶2, Exhibit **C**. Second, the Complaint alleges wages and

5  expenses owed that exceed $27,000.00 based on the last alleged "invoice" Labrie provided

6  to Love. Freundlich Dec. ¶3, Exhibit D. Third, the Complaint seeks attorneys fees and

7  punitive damages as to the majority of the counts which will clearly exceed $50,000

8  making the total in controversy in excess of this Court's jurisdictional limits. *See* Freundlich

9  Dec., ¶4. *See Bashir v. Boeing Co.*, 245 Fed.Appx. 574 (9th Cir. 2007) (removing party

10  must show both diversity of citizenship and amount in controversy of at least $75,000.00).

11  ***Procedural Requirements Have Been Satisfied***

12      8)  Love will promptly file a Notice of Filing Notice of Removal in the Superior

13  Court and will promptly serve written notice of the filing of this Notice of Removal on

14  counsel for plaintiff pursuant to 28 U.S.C. § 1446(d).

15  ***Conclusion***

16      9)  This action is one which may be removed to this Court by Love pursuant to

17  28 U.S.C. §§ 1441 and 1332 in that (a) it is a civil action, (b) there is complete diversity of

18  citizenship between Labrie and the named defendant, Love, (c) the amount in controversy

19  exceeds $75,000 and (d) all procedural requirements have been satisfied.

20  Dated: September 11, 2012      FREUNDLICH LAW

21       Kenneth D. Freundlich

23  By:    Kenneth D. Freundlich
24     Attorneys for Defendant
   Courtney Love Cobain

**DEFENDANT'S NOTICE OF REMOVAL**

## DEMAND FOR JURY

Defendant hereby requests trial by jury of all issues and claims as permitted by law.

DATED: September 11, 2012

FREUNDLICH LAW

_Kenneth D. Freundlich_

Kenneth D. Freundlich
Attorneys for Defendant Courtney
Love Cobain

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S NOTICE OF REMOVAL

# EXHIBIT A

Joshua D. Gruenberg (163281)
Susan M. Swan (241503)
LAW OFFICE OF
**JOSHUA D. GRUENBERG**
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101-3542
TELEPHONE: (619) 230-1234
TELECOPIER: (619) 230-1074

**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

**JUL 10 2012**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

Attorneys for Plaintiff,
JESSICA LABRIE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, WEST DISTRICT

| | |
|---|---|
| JESSICA LABRIE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COURTNEY LOVE COBAIN, an individual, and DOES 1 through 25, Inclusive, Defendants. | Case No.     BC 4 8 8 0 2 4<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES<br><br>1. WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY;<br>2. WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY;<br>3. WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY;<br>4. FAILURE TO REIMBURSE REASONABLE BUSINESS EXPENSES;<br>5. FAILURE TO PAY WAGES;<br>6. FAILURE TO PAY OVERTIME;<br>7. FALSE PROMISE;<br>8. INTENTIONAL MISREPRESENTATION;<br>9. NEGLIGENT MISREPRESENTATION;<br>10. BREACH OF CONTRACT;<br>11. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.<br><br>[JURY TRIAL DEMANDED] |

COMES NOW THE PLAINTIFF, alleging against Defendants as follows:

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1.     Plaintiff JESSICA LABRIE (hereinafter "Plaintiff" or "LABRIE") is and at all times

COPY

1    herein mentioned was a resident of the city of Vancouver, British Columbia, Canada.

2  2.    Plaintiff believes and thereon alleges that at all times herein mentioned, COURTNEY

3    LOVE COBAIN (hereinafter "LOVE COBAIN" or collectively "Defendants") is an

4    individual doing business in the State of California.

6  3.    Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as

7    DOES 1 through 25 and therefore sues these Defendants by such fictitious names.

8    Plaintiff will amend this Complaint to allege the true names and capacities when they are

9    ascertained.

10  4.    Plaintiff believes and thereon alleges that each fictitiously named Defendant is

11    responsible in some manner for the occurrences herein alleged and Plaintiff's injuries and

12    damages as herein alleged are directly, proximately and/or legally caused by Defendants

13    and all of their acts.

14  5.    Plaintiff believes and thereon alleges that each of these Defendants named herein as

15    DOES are the agents, employers, representatives or employees of the other named

16    Defendants and when performing the acts alleged herein, were acting within the scope of

17    their agency, employment and/or representative capacity and are therefore responsible for

18    the acts complained of herein.

19  6.    The tortious acts and omissions alleged to have occurred herein were performed by

20    management level employees.

21  7.    The actions of Defendants, and each of them, against Plaintiff constitute unlawful

22    employment practices in violation of public policy, and caused, and will continue to

23    cause, Plaintiff loss of future earnings and employment.

24  8.    As a further legal (proximate) result of the unlawful and intentional discriminatory actions

25    of Defendants, and each of their agents, against Plaintiff as alleged herein, Plaintiff has

26    been harmed in that she has suffered, and continues to suffer, emotional pain, humiliation,

27    mental anguish, loss of enjoyment of life, and emotional distress.

28  9.    Defendants, and each of them, committed these acts alleged herein maliciously,

    fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA  92101

1   acted with an improper and evil motive amounting to malice or despicable conduct.

2   Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard

3   for Plaintiff's rights.

4   10.   Defendants' conduct warrants the assessment of punitive damages in an amount sufficient

6   to punish Defendants and deter others from engaging in similar conduct.

7   11.   Plaintiff seeks compensatory damages, punitive damages, costs of suit herein, and

8   attorney's fees.

9

10   **SPECIFIC FACTUAL ALLEGATIONS**

11   12.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in

12   the preceding paragraphs as though fully set forth herein.

13   13.   Plaintiff is a 33 year old female.

14   14.   On or about June 14, 2010, Defendant hired Plaintiff as an Administrative Assistant and

15   Forensic Research Aide, and on that day they commenced their employment relationship.

16   15.   Plaintiff's duties and responsibilities included conducting research, preparing written

17   reports, creating document organizational systems, and providing assistance with LOVE

18   COBAIN'S everyday activities.

19   16.   LOVE COBAIN lived and worked in the County of Los Angeles, California.

20   17.   At the commencement of Plaintiff's employment, Plaintiff's stated wage was $30.00 per

21   hour, plus expenses and bonuses.

22   18.   Throughout her employment, Plaintiff performed the duties of her work assignments in a

23   capable and competent manner, as recognized by LOVE COBAIN.

24   19.   Plaintiff often worked more than sixty hours per week.

25   20.   Plaintiff was not paid overtime.

26   21.   LOVE COBAIN directed Plaintiff to hire a computer hacker.

27   a.   Plaintiff reasonably believed that hacking is illegal.

28   b.   Plaintiff refused to follow LOVE COBAIN'S direction.

22.   LOVE COBAIN directed Plaintiff to send fake legal correspondence.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

    a.    Plaintiff reasonably believed that creating or sending fake legal correspondence is illegal.

    b.    Plaintiff refused to follow LOVE COBAIN'S direction.

23.    LOVE COBAIN promised that she would provide Plaintiff a "full ride" scholarship to Yale University.

24.    LOVE COBAIN did not provide Plaintiff a "full ride" scholarship to Yale University.

25.    LOVE COBAIN promised that she would pay Plaintiff bonuses.

26.    LOVE COBAIN did not pay Plaintiff bonuses.

27.    LOVE COBAIN promised that she would provide Plaintiff a position on the set of an upcoming Nirvana biopic.

28.    LOVE COBAIN did not provide Plaintiff a position on the set of an upcoming Nirvana biopic.

29.    LOVE COBAIN promised that she would promote Plaintiff.

30.    LOVE COBAIN did not promote Plaintiff.

31.    LOVE COBAIN promised that she would provide Plaintiff a job with her music management company.

32.    LOVE COBAIN did not provide Plaintiff a job with her music management company.

33.    In or around February 2011, LOVE COBAIN failed to pay Plaintiff the wages and expenses that were due and owing to her.

34.    On or about May 9, 2011, LOVE COBAIN paid Plaintiff less than one-third of the wages earned and expenses incurred by Plaintiff.

35.    Plaintiff notified LOVE COBAIN that she had not been fully compensated.

36.    In or around Late May 2011, LOVE COBAIN paid Plaintiff five thousand dollars, yet still owed Plaintiff earned wages and incurred expenses.

37.    In or around May 2011, LOVE COBAIN directed Plaintiff to take multiple business trips.

38.    Plaintiff followed LOVE COBAIN'S directions.

39.    Plaintiff incurred substantial business expenses during the business trips, including travel costs.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

40. Plaintiff had incurred other business expenses during her employment for LOVE COBAIN, including telephone bills.

41. On or about June 11, 2011, LOVE COBAIN notified Plaintiff that she would soon pay Plaintiff the wages and expenses owed.

42. Plaintiff notified LOVE COBAIN that she could not continue working unless she received the wages and expenses owed to her.

43. LOVE COBAIN and her business manager told Plaintiff that they would immediately wire the wages and expenses to Plaintiff.

44. Soon thereafter, Sam Lufti, one of LOVE COBAIN'S new business management employees, told Plaintiff that her disbursements were "too frequent" and she would "have to wait" or words to that effect.

45. On or about June 27, 2011, Plaintiff faxed a letter to LOVE COBAIN, detailing all of the tasks Plaintiff had completed for LOVE COBAIN, and requesting payment. Plaintiff stated that she would be forced to resign if she was not paid the wages she had earned and the expenses she had incurred.

46. On or about July 1, 2011, LOVE COBAIN'S new assistant, Zoe Louise Brooks, attempted to negotiate Plaintiff's agreed-upon and earned wages and incurred expenses.

47. On or about July 5, 2011, Brooks sent Plaintiff a list of tasks that LOVE COBAIN wanted Plaintiff to complete.

48. Brooks told Plaintiff that LOVE COBAIN could only afford to pay Plaintiff $2,000.

49. Plaintiff was owed more than $2,000 in earned wages and incurred expenses.

50. On or about June 27, 2011, Plaintiff was forced to resign.

51. Plaintiff's mental and physical health has suffered because of Defendant's conduct, including, but not limited to, headaches, insomnia, depression, and anxiety.

52. On Plaintiff's information and belief, a motivating factor for Plaintiff's constructive termination is her reporting of, complaining about, and other opposition to fraudulent, unlawful, and unethical acts, including her complaints about her unpaid wages and unpaid expenses.

53. On Plaintiff's information and belief, a motivating factor for Plaintiff's constructive termination is her reporting of, complaining about, and other opposition to fraudulent, unlawful, and unethical acts, including her refusal to hire a computer hacker.

54. On Plaintiff's information and belief, a motivating factor for Plaintiff's constructive termination is her reporting of, complaining about, and other opposition to fraudulent, unlawful, and unethical acts, including her refusal to send fake legal correspondence.

55. On Plaintiff's information and belief, at the time of her unlawful termination, she had not yet been reimbursed by LOVE COBAIN for all reasonably incurred business expenses.

56. On Plaintiff's information and belief, at the time of her unlawful termination, she had not yet been reimbursed by LOVE COBAIN for all earned wages.

## FIRST CAUSE OF ACTION

## WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Cal. Labor Code §201 et seq.; Cal. Labor Code §2802)

57. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

58. In taking the adverse actions against Plaintiff, herein alleged, Defendant created a hostile work environment; a work environment rife with harassment, retaliation, and discrimination, as set forth herein, such that Plaintiff had no reasonable choice but to leave her job with Defendant. Indeed, no reasonable woman in Plaintiff's shoes would have remained employed with Defendant under working conditions described herein.

59. Plaintiff believes and thereon alleges that her refusal to commit fraudulent, unlawful, and unethical acts, including her complaints about her unpaid wages and unreimbursed business expenses, was a motivating factor in Defendant's adverse actions directed against her as set forth herein. Such actions are unlawful, and retaliatory, and have resulted in damage and injury to Plaintiff, as alleged herein.

60. Defendant's conduct in terminating Plaintiff's employment on the basis of her opposition

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1    to fraudulent, unlawful, and unethical acts violated the public policy of the State of

2    California. *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167.

3  61.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

4    sustained and continues to sustain substantial losses in earnings, employment benefits,

6    employment opportunities, and Plaintiff has suffered other economic losses in an amount

7    to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

8  62.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

9    suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

10    mental and physical pain and anguish, all to her damage in a sum to be established

11    according to proof.

12  63.  As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

13    to recover punitive and exemplary damages in an amount commensurate with Defendant's

14    wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

15  64.  In addition to such other damages as may properly be recovered herein, Plaintiff is

16    entitled to recover prevailing party attorney's fees.

## SECOND CAUSE OF ACTION

### WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC

### POLICY

### (Cal. Penal Code §502 *et* seq.)

22  65.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in

23    the preceding paragraphs as though fully set forth herein.

24  66.  In taking the adverse actions against Plaintiff, herein alleged, Defendant created a hostile

25    work environment; a work environment rife with harassment, retaliation, and

26    discrimination, as set forth herein, such that Plaintiff had no reasonable choice but to

27    leave her job with Defendant.  Indeed, no reasonable woman in Plaintiff's shoes would

28    have remained employed with Defendant under working conditions described herein.

    67.  Plaintiff believes and thereon alleges that her refusal to commit fraudulent, unlawful, and

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

unethical acts, including her refusal to hire a computer hacker, in violation of California Penal Code § 502, et seq., was a motivating factor in Defendant's adverse actions directed against her as set forth herein.  Such actions are unlawful, and retaliatory, and have resulted in damage and injury to Plaintiff, as alleged herein.

68. Defendant's conduct in terminating Plaintiff's employment on the basis of her opposition to fraudulent, unlawful, and unethical acts violated the public policy of the State of California.  *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167.

69. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

70. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

71. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

72. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees.

## THIRD CAUSE OF ACTION

### WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY

#### (Cal. Penal Code, §§470, 484; Cal. Civil Code, §§ 1572, 1710)

73. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

74. In taking the adverse actions against Plaintiff, herein alleged, Defendant created a hostile

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

work environment; a work environment rife with harassment, retaliation, and discrimination, as set forth herein, such that Plaintiff had no reasonable choice but to leave her job with Defendant. Indeed, no reasonable woman in Plaintiff's shoes would have remained employed with Defendant under working conditions described herein.

75. Plaintiff believes and thereon alleges that her refusal to commit fraudulent, unlawful, and unethical acts, including her refusal to send fake legal correspondence, in violation of Cal. Penal Code, §§470, 484 and Cal. Civil Code, §§ 1572, 1710, was a motivating factor in Defendant's adverse actions directed against her as set forth herein. Such actions are unlawful, and retaliatory, and have resulted in damage and injury to Plaintiff, as alleged herein.

76. Defendant's conduct in terminating Plaintiff's employment on the basis of her opposition to fraudulent, unlawful, and unethical acts violated the public policy of the State of California. *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167.

77. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

78. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

79. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

80. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees.

///

///

# FOURTH CAUSE OF ACTION

## FAILURE TO REIMBURSE REASONABLE BUSINESS EXPENSES

### (Cal. Labor Code §2802)

81. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

82. Under California Labor Code §2802, an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

83. As set forth above, LOVE COBAIN failed to fully reimburse Plaintiff for her reasonable business expenses.

84. Plaintiff is entitled to recovery of the full amount of the reimbursements due to her, including interest thereon.

85. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

86. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

87. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

88. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees.

///

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY WAGES

#### (Cal. Labor Code §201 et seq.)

89. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

90. Defendant, as stated herein, did not compensate Plaintiff for all of her hours worked.

91. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

92. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

93. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

94. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees.

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME PAY

#### (Cal. Labor Code §510)

95. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

96. Under California Labor Code §510, employers must compensate employees for working more than eight hours per day, or more than forty hours per week.

97. Defendant is, and all times relevant hereto was, an employer within the meaning of and

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

subject to California Labor Code §200 et seq.

98.   Defendant willfully failed to pay Plaintiff overtime compensation.  As a result, Defendant violated California Labor Code §501.

99.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

100.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

101.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

102.   In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees.

## SEVENTH CAUSE OF ACTION
### FALSE PROMISE

103.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

104.   Defendant promised Plaintiff that she would provide Plaintiff a position on the set of an upcoming Nirvana biopic, provide Plaintiff a "full ride" scholarship to Yale University, pay Plaintiff bonuses, promote Plaintiff, and provide Plaintiff a position with her music management company.

105.   Defendant's promises were important to Defendant's employment of Plaintiff.

106.   Defendant did not intend to perform the promises when made.

107.   Defendant intended that Plaintiff rely on the promises.

108. Plaintiff reasonably relied on Defendant's promises.

109. Defendant did not perform the promised acts.

110. As a result of Defendant's conduct, Plaintiff was harmed. Plaintiff's reliance on Defendant's promises was a substantial factor in causing her harm.

111. Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful conduct was carried out with a conscious disregard for Plaintiff's rights.

112. As a result of Defendant's deliberate, outrageous, and/or despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with each of Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

113. Plaintiff has incurred and continue to incur legal expenses and attorney's fees in connection with this action.

## EIGHTH CAUSE OF ACTION

### INTENTIONAL MISREPRESENTATION

114. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

115. Defendant represented to Plaintiff that an important fact(s) was true. Defendant represented to Plaintiff that she would provide Plaintiff a position on the set of an upcoming Nirvana biopic, provide Plaintiff a "full ride" scholarship to Yale University, pay Plaintiff bonuses, promote Plaintiff, and provide Plaintiff a position with her music management company.

116. Defendant's representations were false.

117. Defendant knew the representations were false when made, or made the representations recklessly and without regard for their truth.

118. Defendant intended that Plaintiff rely on the representations.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

119.   Plaintiff reasonably relied on Defendant's representations and thus, Plaintiff was harmed.

120.   Plaintiff's reliance on Defendant's representations was a substantial factor in causing her harm.

121.   Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct.  Alternatively, Defendant's wrongful conduct was carried out with a conscious disregard for Plaintiff's rights.

122.   As a result of Defendant's deliberate, outrageous, and/or despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with each of Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

123.   Plaintiff has incurred and continues to incur legal expenses and attorney's fees in connection with this action.

## NINTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

124.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

125.   Defendant represented to Plaintiff that an important fact(s) was true.  Defendant represented to Plaintiff that she would provide Plaintiff a position on the set of an upcoming Nirvana biopic, provide Plaintiff a "full ride" scholarship to Yale University, pay Plaintiff bonuses, promote Plaintiff, and provide Plaintiff a position with her music management company.

126.   Defendant's representations were not true.

127.   Defendant had no reasonable grounds for believing the representations were true when she made them.

128.   Defendant intended that Plaintiff rely on the representations.

129.   Plaintiff reasonably relied on Defendant's representations.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

130. Plaintiff was harmed and Plaintiff's reliance on Defendant's representations was a substantial factor in causing her harm.

131. Plaintiff has incurred and continues to incur legal expenses and attorney's fees in connection with this action.

## TENTH CAUSE OF ACTION
## BREACH OF CONTRACT

132. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

133. Plaintiff and Defendant entered into a contract in or around June 14, 2010.

134. Under the contract, Defendant agreed to pay Plaintiff thirty dollars per hour.

135. Plaintiff did all, or substantially all, of the significant things that the contract required of her.

136. All conditions required by the contract for Defendant's performance had occurred.

137. Defendant did not pay Plaintiff all of the wages due to her, in violation of the contract, and Plaintiff was harmed by such failure.

138. Plaintiff has incurred and continues to incur legal expenses and attorney's fees in connection with this action.

## ELEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

139. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

140. Defendant's intentional conduct, as set forth herein, was extreme and outrageous. Defendant intended to cause Plaintiff to suffer extreme emotional distress. Plaintiff did suffer extreme emotional distress.

141. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in reputation, promotions, and other

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

employment opportunities."

142.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

WHEREFORE, Plaintiff prays for the following relief:

1.    For compensatory damages, including loss of promotional opportunities and other opportunities of employment, according to proof;

2.    For special damages, including unpaid wages and unpaid expenses, in an amount according to proof;

3.    For punitive damages in an amount necessary to make an example of and to punish defendants, and to deter future similar misconduct;

4.    For mental and emotional distress damages;

5.    For an award of attorney's fees pursuant to Cal. Labor Code §218.5 et seq.;

6.    For costs of suit herein;

7.    For an award if interest, including prejudgment interest, at the legal rate;

8.    For such other and further relief as the Court deems proper and just under all the circumstances.

PLAINTIFF JESSICA LABRIE demands a jury trial on all issues in this case.

DATED: June 19, 2012                     LAW OFFICE OF JOSHUA D. GRUENBERG

JOSHUA D. GRUENBERG
SUSAN M. SWAN
Attorneys for Plaintiff,
JESSICA LABRIE

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA  92101

# EXHIBIT B

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number and address):*
JOSHUA D. GRUENBERG, ESQ.          SBN: SB# 163281
THE LAW OFFICES OF JOSHUA GRUENBERG
2169 FIRST AVE   SAN DIEGO, CA 92101

TELEPHONE NO.: (619) 230-1234          FAX NO.*(Optional):*   (619) 230-1074
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff: JESSICA LABRIE

**LOS ANGELES COUNTY SUPERIOR COURT**
STREET ADDRESS: 111 NORTH HILL ST.
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: JESSICA LABRIE

DEFENDANT/RESPONDENT: COURTNEY LOVE COBAIN

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:   LABRIE |

**CASE NUMBER:** BC488024

---

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. [X] summons
   - b. [X] complaint
   - c. [X] Alternative Dispute Resolution (ADR) package
   - d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   - e. [ ] cross-complaint
   - f. [X] other *(specify documents):*  CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE; NOTICE OF CASE MANAGEMENT CONFERENCE; COUNTY OF LOS ANGELES DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

3. a. Party served *(specify name of party as shown on documents served):*
   **COURTNEY LOVE COBAIN, an individual**

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   **New York, NY 10012**

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*   (2) at *(time):*

   b. [X] **by substituted service.** On *(date):* 08/13/2012 at *(time):* 12:43 pm I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
   "JOHN DOE" - 40 yrs/Black/Male/ Brown eyes/ Bald head/ 5'10"/ 200 lbs - (APARTMENT- DOORMAN)

   - (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.
   - (2) [X] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   - (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.
   - (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*   or [X] a declaration of mailing is attached.
   - (5) [X] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
POS010-1/179116

PETITIONER: **JESSICA LABRIE**

RESPONDENT: **COURTNEY LOVE COBAIN**

CASE NUMBER:
BC488024

---

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*:                                    (2) from *(city)*:

(3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

(4) ☐ to an address outside California with return receipt requested. *(Code Civ. Proc., § 415.40.)*

d. ☐ **by other means** *(specify means of service and authorizing code section)*:

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☒ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify)*:

c. ☐ as occupant.

d. ☐ On behalf of *(specify)*:

under the following Code of Civil Procedure section:

☐ 416.10 (corporation)                      ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)             ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
☐ 416.50 (public entity)                   ☐ 415.46 (occupant)
                                           ☐ other:

7. **Person who served papers**

a. Name: **PERRY LUQUIS - Diversified Legal Services, Inc.**

b. Address: **4665 Park Blvd  San Diego, CA 92116**

c. Telephone number: **(619) 260-8224**

d. **The fee for service was: $ 87.50**

e. I am:

(1) ☒ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☐ registered California process server:

(i) ☐ **owner**   ☐ **employee**   ☐ **independent contractor.**

(ii) Registration No.:

(iii) County: **STATE PROCESS SERVER**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **08/13/2012**

▲
▲▲▲  **Diversified Legal Services, Inc.**
**4665 Park Blvd**
**San Diego, CA 92116**
**(619) 260-8224**

▶ _____
(SIGNATURE)

**PERRY LUQUIS**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

---

POS-010 [Rev January 1, 2007]                **PROOF OF SERVICE OF SUMMONS**

Page 2 of 2
POS-010/179116

FOR COURT USE ONLY

JOSHUA D. GRUENBERG, ESQ.
THE LAW OFFICES OF JOSHUA GRUENBERG
2169 FIRST AVE   SAN DIEGO, CA 92101
Attorney For: Plaintiff

TELEPHONE NO.: (619) 230-1234      FAX NO. (Optional): (619) 230-1074
E-MAIL ADDRESS (Optional):

LOS ANGELES COUNTY SUPERIOR COURT
STREET ADDRESS: 111 NORTH HILL ST.
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF (name each): JESSICA LABRIE

DEFENDANT (name each): COURTNEY LOVE COBAIN

CASE NUMBER:
BC488024

| | HEARING DATE: | TIME: | DEPT.: | Ref No. or File No.: |
| DECLARATION OF DILIGENCE | | | | LABRIE |

I received the within process on July 23, 2012 and that after due and diligent effort I have been able to serve said person. The following itemization of the dates and times of attempts details the efforts required to effect personal service. Additional costs for diligence are recoverable under CCP §1033.5 (a)(4)(B).

Servee: **COURTNEY LOVE COBAIN, an individual**

Documents: **Summons;Complaint;Alternative Dispute (ADR) package;Civil Case Cover Sheet (served in complex cases only);CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE; NOTICE OF CASE MANAGEMENT CONFERENCE; COUNTY OF LOS ANGELES DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS**

As enumerated below:

**07/28/2012 -- 10:00 am**
                                          New York, NY 10012
    Not In. (Per doorman, the "Subject" is in the                )

**07/30/2012 -- 07:30 am**
                                          New York, NY 10012
    Not In. (Per doorman, the "Subject" is in the            )

**07/31/2012 -- 06:34 pm**
                                          New York, NY 10012
    Not In. (Per doorman, the "Subject" is in the          )

**08/01/2012 -- 03:02 pm**
                                          New York, NY 10012
    Not In. (Per doorman, the "Subject" is in the          )

**08/06/2012 -- 10:10 am**
                                          New York, NY 10012
    Not In. (Spoke with Hershey, the house manager, via telephone who stated the following "I am allowed to accept all deliveries on behalf of Ms. Cobain except legal documents.")

**Continued on Next Page**

Fee for Service: $ 87.50
    County: **STATE PROCESS SERVER**
    Registration No.:
    **Diversified Legal Services, Inc.**
    **4665 Park Blvd**
    **San Diego, CA 92116**
    **(619) 260-8224**

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on August 13, 2012.

Signature: _____
                                PERRY LUQUIS

## DECLARATION OF DILIGENCE

FOR COURT USE ONLY

JOSHUA D. GRUENBERG, ESQ.
THE LAW OFFICES OF JOSHUA GRUENBERG
2169 FIRST AVE   SAN DIEGO, CA 92101
Attorney For: Plaintiff
TELEPHONE NO.: (619) 230-1234      FAX NO. (Optional): (619) 230-1074
E-MAIL ADDRESS (Optional):

LOS ANGELES COUNTY SUPERIOR COURT
STREET ADDRESS: 111 NORTH HILL ST.
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF (name each): JESSICA LABRIE

DEFENDANT (name each): COURTNEY LOVE COBAIN

| | | | |
|---|---|---|---|
| CASE NUMBER: | | | BC488024 |

| HEARING DATE: | TIME: | DEPT.: | Ref No. or File No.: |
|---|---|---|---|
| DECLARATION OF DILIGENCE | | | LABRIE |

I received the within process on July 23, 2012 and that after due and diligent effort I have been able to serve said person.  The following itemization of the dates and times of attempts details the efforts required to effect personal service.  Additional costs for diligence are recoverable under CCP §1033.5 (a)(4)(B).

Servee:   **COURTNEY LOVE COBAIN, an individual**

Documents:   **Summons;Complaint;Alternative Dispute (ADR) package;Civil Case Cover Sheet (served in complex cases only);CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE; NOTICE OF CASE MANAGEMENT CONFERENCE; COUNTY OF LOS ANGELES DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS**

As enumerated below:

### Continued from Previous Page

08/13/2012 -- 12:43 pm

New York, NY 10012

Not In. (Per doorman, who released to allow the server to gain access to                    ); - SUBSTITUTE SERVICE.

Fee for Service: $ 87.50
County:   **STATE PROCESS SERVER**
Registration No.:
**Diversified Legal Services, Inc.**
**4665 Park Blvd**
**San Diego, CA 92116**
**(619) 260-8224**

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on August 13, 2012.

Signature: _____

HERRY LUQUIS

### DECLARATION OF DILIGENCE

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number, and Address) | | FOR COURT USE ONLY |
|---|---|---|
| JOSHUA D. GRUENBERG, ESQ.   SBN: SB# 163281<br>THE LAW OFFICES OF JOSHUA GRUENBERG<br>2169 FIRST AVE   SAN DIEGO, CA 92101<br><br>TELEPHONE NO.: (619) 230-1234   FAX NO. (Optional):   (619) 230-1074<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff: JESSICA LABRIE | | |
| LOS ANGELES COUNTY SUPERIOR COURT<br>STREET ADDRESS: 111 NORTH HILL ST.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: CENTRAL DISTRICT | | |
| PLAINTIFF/PETITIONER:  JESSICA LABRIE | | CASE NUMBER:<br>BC488024 |
| DEFENDANT/RESPONDENT:  COURTNEY LOVE COBAIN | | |
| **PROOF OF SERVICE BY MAIL** | | Ref. No. or File No.:   LABRIE |

I am a citizen of the United States and employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 4665 Park Blvd, San Diego, CA 92116.

On August 13, 2012, after substituted service under  section CCP 415.20(a) or 415.20(b) or FRCIV.P 4(d)(1) was made, I mailed copies of  the:

> Summons;Complaint;Alternative Dispute (ADR) package;Civil Case Cover Sheet (served in complex cases only);CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE; NOTICE OF CASE MANAGEMENT CONFERENCE; COUNTY OF LOS ANGELES DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

to the defendant in said action by placing a true  copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at SAN DIEGO, CA 92116, California, addressed as  follows:

> **COURTNEY LOVE COBAIN, an individual**
>
>
> **New York, NY 10012**

I am readily familiar with the firm's practice for  collection and processing of documents for mailing.  Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage  thereon fully prepaid at SAN DIEGO, CA 92116, California in the ordinary course of  business.

Fee for Service: 87.50

DIVERSIFIED LEGAL SERVICES, INC
4665 PARK BLVD
SAN DIEGO, CA 92116
(619) 260-8224

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on August 13, 2012.

Signature: _____
                              KEVIN S. GILBERT

**PROOF OF SERVICE BY MAIL**

Order#: 170116/mailproof

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

### CV12- 7793 GHK (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JESSICA LABRIE, an individual | COURTNEY LOVE COBAIN |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Joshua D. Gruenberg, Susan M. Swan, L/O Joshua D. Gruenberg, 2169 First Avenue, San Diego, CA 92101-3542 | Kenneth D. Freundlich (SBN119806), FREUNDLICH LAW, 16133 Ventura Boulevard, Suite 1270 Encino, California 91436  Ph: (818) 377-3790 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☑ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT:** $ no specific amount

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
28 USC Section 1441, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☑ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV12-7793**

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

        ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

        ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

        ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California, or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | JESSICA LABRIE--CANADA |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State; if other than California; or Foreign Country |
|---|---|
| | COURNTEY LOVE COBAIN, New York, New York |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | CANADA |

***** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _____  Date  September 11, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |