Kenneth D. Freundlich (SBN119806)
FREUNDLICH LAW
16133 Ventura Blvd. Suite 1270
Encino, CA 91436
P: (818) 377-3790
F: (310) 275-5351
E-Mail: ken@freundlichlaw.com

Attorneys for Defendant COURTNEY LOVE COBAIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JESSICA LABRIE, an individual,

Plaintiff,

vs.

COURTNEY LOVE COBAIN, an individual; and DOES 1 through 25, inclusive

Defendants.

Case No. CV12-7793 GHK (JCGx)

**DEFENDANT COURTNEY LOVE COBAIN'S :**

1. **MOTION TO DISMISS AND/OR TRANSFER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(3);**
2. **TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a);**
3. **TO DISMISS THE FIRST THROUGH NINTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6) and/or 9(b); and**
4. **TO DISMISS THE ELEVENTH CAUSE OF ACTION PURSUANT TO Fed. R. CIV. P. 12(b)(6)**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF AND DECLARATIONS OF COURTNEY LOVE COBAIN AND KENNETH D. FREUNDLICH IN SUPPORT THEREOF**

DATE: October 22, 2012
TIME: 9:30 am
PLACE: Ctrm. 650
Courtroom of the Hon George H. King, United States District Judge

**TO PLAINTIFF AND HIS COUNSEL OF RECORD HEREIN:**

Please take notice that on October 22, 2012, at 9:30 a.m., in Courtroom 650 of the Honorable George H. King of the United States District Court for the Central District of California, Roybal Building located at 255 East Temple Street Los Angeles, CA 90012-3332, Los Angeles, California, Defendant Courtney Love Cobain ("Love") will, and hereby does, move the Court for an order:

1. Pursuant to Fed. R. Civ. P. 12 (b)(3), to dismiss and/or transfer venue of this action to the Southern District of New York;

2. In the alternative, pursuant to 28 U.S.C. §1404(a), to transfer venue of this action to the Southern District of New York because the present venue is an inconvenient forum;

3. Pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff's six employment claims: the First through Third Causes of Action for Wrongful Constructive Termination in Violation of Public Policy (so-called *Tameny* claims), the Fourth Cause of Action for Failure to Reimburse Reasonable Business Expenses, the Fifth Cause of Action for Failure to Pay Wages, and the Sixth Cause of Action for Failure to Pay Overtime (all six, collectively the "Employment Claims");

4. Pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), to dismiss Plaintiff's Seventh through Ninth Causes of Action for False Promise, Intentional Misrepresentation and Negligent Misrepresentation (all three, collectively, the "Fraud-Based Claims") for failure to plead with the required particularity and for failure to state a cognizable claim; and

5. Pursuant to Fed. R. Civ. P. 12 (b)(6), to dismiss Plaintiff's Eleventh Cause of Action for Intentional Infliction of Emotional Distress ("IIED") for failure to state a cognizable claim.

This Motion is based on the grounds that this action (or parts thereof) is subject to dismissal with prejudice and/or transfer on the following bases:

2 **CV12-7793 GHK (JCGx)**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR TO TRANSFER VENUE; MEMORANDUM AND DECLARATIONS IN SUPPORT THEREOF**

1. Love does not reside within this district but rather in the Southern District of New York;

2. A substantial part of the alleged events and omissions did not take place in the Central District of California;

3. This action could have been brought in the Southern District of New York;

4. Transfer to the Southern District of New York would promote the convenience of the witnesses and parties (the majority of which, like Love, live in New York), reduce the cost of litigation, and serve the interests of justice;

5. Transfer may provide easier access to the sources of proof;

6. Plaintiff resides in Canada and does not, and during the relevant times, did not conduct regular business in Los Angeles;

7. The Employment Claims must be dismissed because as a matter of statutory construction and constitutional principles, or alternatively because Plaintiff has not alleged facts indicating an employment relationship, these claims are not cognizable;

8. The Fraud-Based Claims are not pled with particularity and otherwise fails to state a cognizable claim; and

9. The IIED Claim fails to state a cognizable claim.

Moving party complied with the requirements of L.R. 7-3 by meeting and conferring with Plaintiff's counsel on September 13 and 14, 2012. Freundlich Decl. ¶2.

Dated: September 17, 2012

FREUNDLICH LAW
Kenneth D. Freundlich

By: ______________________
Kenneth D. Freundlich
Attorneys for Defendant
Courtney Love Cobain

3 CV12-7793 GHK (JCGx)
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR TO TRANSFER VENUE; MEMORANDUM AND DECLARATIONS IN SUPPORT THEREOF

# TABLE OF CONTENTS

**I.** INTRODUCTION STATEMENT ..... 1

**II.** PLAINTIFFS' CHOICE OF VENUE IS IMPROPER ..... 3

A. Love Does Not Reside within the Central District of California, but Rather within the Southern District of New York ..... 5

B. A Substantial Part of the Alleged Events and Omissions in this Action Did Not Take Place within the Central District of California ..... 5

**III.** In The Alternative, This Action Should Be Transferred To The Southern District Of New York Because Plaintiff's Chosen Venue Is An Inconvenient Forum ..... 6

A. This Action Could Have Been Brought in the Southern District of New York ..... 7

B. The Ninth Circuit Factors Weigh Heavily in Favor of Transfer to the Southern District of New York ..... 7

1. Transfer to the Southern District of New York will promote the convenience of the witnesses and parties and reduce the cost of litigation. ..... 8

2. Transfer will provide easier access to sources of proof. ..... 9

3. Plaintiff's choice of forum is to be afforded little weight here. ..... 9

4. The respective parties' contacts with the forum. ..... 10

5. The contacts relating to the plaintiff's cause of action in the chosen forum. ..... 10

6. The state that is most familiar with the governing law ..... 10

7. The availability of compulsory process to compel attendance of unwilling non party witnesses ..... 11

**IV.** THE COURT SHOULD DISMISS ALL OF LABRIE'S CLAIMS, EXCEPT FOR THE BREACH OF CONTRACT CLAIM ..... 11

A. Standard Governing a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) ..... 11

i CV12-7793 GHK (JCGx)

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR TO TRANSFER VENUE; MEMORANDUM AND DECLARATIONS IN SUPPORT THEREOF

B. All Six of Labrie's Employment Claims Fail To State Claims....12

1. The Statutes Relied Upon By Labrie's Employment Claims Do Not and Cannot Apply to Work Which Took Place Outside of California....12

2. Labrie's Employment Claims Are Constitutionally Infirm....14

3. The Employment Claims Fail Because Labrie Has Not Alleged Facts That She Was Love's Employee....15

C. Labrie's Fraud-Based Claims Are Not Pleaded with Particularity and Therefore Must Be Dismissed....15

D. Labrie's IIED Claim is Insufficiently Pled and Must Be Dismissed....18

**V.** CONCLUSION....19

ii

**CV12-7793 GHK (JCGx)**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR TO TRANSFER VENUE; MEMORANDUM AND DECLARATIONS IN SUPPORT THEREOF**

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Allstate Insurance Co. v. Hague*,
449 U.S. 302 (1981) .......... 14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 12, 17, 18

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696 (9th Cir. 1988) .......... 12

*Bartholomew v. Virginia Chiropractors Association*,
612 F. 2d 812 (4th Cir. 1979) .......... 4

*Bates v. C &S Adjusters, Inc.*,
980 F. 2d 865 (2d Cir. 1992) .......... 5

*Beijing Tong Ren Tang (USA), Corp. v. TRT USA Corp.*,
2010 WL 98957 (N.D. Cal. 2010) .......... 18

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 12, 15, 17, 18

*Bly-Mcgee v. California*,
236 F.3d 1014 (9th Cir. 2001) .......... 15

*Bogard v. Employers Cas. Co.*,
164 Cal.App.3d 602 (1985) .......... 18

*Brdecka v. Gleaner Life Ins. Soc'y*,
2002 WL 1949743 .......... 17

*Bryant v. ITT Corp.*,
48 F.Supp.2d 829 (N.D.Ill.1999) .......... 10

*Campbell v. Arco Marine, Inc.*,
42 Cal.App.4th 1850 (1996) .......... 13, 14

*Cheng v. Boeing Co.*,
708 F.2d 1406 (9th Cir. 1983) .......... 8

*Deputy v. Long-Term Disability Plan of Sponsor Aventis Pharmaceuticals*, 2002 WL 31655328 (N.D. Cal. Nov. 21, 2002) .......... 10

*Desaigoudar v. Meyercord*, 223 F.3d 1020 (9th Cir. 2000) .......... 16

*E. & J. Gallo Winery v. F. & P.S.p.A.*, 404 F. Supp.465 (E.D. Cal.1994) .......... 7

*eCash Technologies v. Guargliardo*, 127 F. Supp. 2d 1069 (C.D. Cal. 2000) .......... 12

*Edgar v. MITE Corp*., 457 U.S. 624 (1982) .......... 14

*English v. United Brands Co.*, 1974 U.S. Dist. LEXIS 11702 (N.D. Cal. 1974) .......... 9

*Erlich v. Menezes*, 21 Cal.4th 543 (1999) .......... 18

*Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal.App.3d 376 (1970) .......... 18

*Glass v. Kemper Corp.*, 133 F.3d 999 (7th Cir.1998) .......... 13

*Green v. Ralee Engineering Co.*, 19 Cal.4th 66 (1998) .......... 13

*In re Volkswagon of America, Inc.*, 506 F. 3d 376 (5th Cir. 2007) .......... 8

*Jenkins Brick Co. v. Bremer*, 321 F. 3d 1366 (11th Cir. 2003) .......... 5

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) .......... 7

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) .......... 15, 16

*Lamont v. Haig*, 590 F. 2d 1124 (D.C. Cir. 1978) .......... 5

*LeDonne v. AXA Equitable Life Ins. Co.*, 411 F.Supp.2d 957 (N.D. Ill. 2006)....................17

*Leroy v. Great Western United Corp.*, 443 U.S. 173 (1979)....................4

*Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497 (C.D. Cal. 1981)....................8

*Lou v. Belzburg*, 834 F. 2d 730 (9th Cir. 1987)....................10

*Miracle Blade, LLC v. Ebrands Commerce Group, LLC*, 207 F. Supp. 2d 1136 (D. Nev. 2002)....................9

*Myers v. Bennett Law Offices*, 238 F. 3d 1068 (9th Cir. 2001)....................5

*North Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1 (1916)....................13

*Olberding v. Illinois Cent. R. Co.*, 346 U.S. 338 (1953)....................4

*Parker v. Saturdays Group*, *U.S. Dist. LEXIS* 19114 (N.D. Cal. Nov. 13, 1992)....................10

*Priyanto v. M/S AMSTERDAM*, 2009 WL 175739 (C.D. Cal. Jan. 23, 2009)....................12, 13, 14

*Reiffin v. Microsoft Corporation*, 104 F. Supp. 2d 48 (D.C. Cir. 2000)....................2, 10

*Richardson v. Reliance Nat'l Indem. Co.*, 2000 WL 284211....................16

*Sistare-Meyer v. Young Men's Christian Assn.*, 58 Cal.App.4th 10 (1997)....................15

*Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150 (S.D. Cal. 2001)....................16, 17

*Technograph Printed Circuits, Ltd. V. Packard Bell Electronic Corp.*, 290 F. Supp. 308 (C.D. Cal 1968)....................5

*Tenefrancia v. Robinson Export & Import Corp.*,
921 F. 2d 556 (4th Cir. 1990) .......... 5

*Varisco v. Gateway Science and Engineering, Inc.*,
166 Cal.App.4th 1099 (2008) .......... 15

*Vess v. Ciba-Geigy Corp.*,
317 F.3d 1097 (9th Cir. 2003) .......... 15, 17

*Zito v. Steeplechase Films, Inc.*,
267 F. Supp. 2d 1022 (N.D. Cal. 2003) .......... 11

**STATUTES**

28 U.S.C. § 1391(b) .......... 4

28 U.S.C. §1391(b)(1) .......... 7

28 U.S.C. §1404(a) .......... 3, 6, 9, 11

28 U.S.C. §1406(a) .......... 2, 4, 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 .......... 12

Fed. R. Civ. P. 9 .......... 15, 16, 17

Fed. R. Civ. P. 12 .......... 2, 3, 11, 12, 18 19

Rule 9(b) .......... 17

West, *Cal. Prac. Guide Employment Litigation* 11:116 .......... 15

vi

CV12-7793 GHK (JCGx)

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR TO TRANSFER VENUE; MEMORANDUM AND DECLARATIONS IN SUPPORT THEREOF

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION STATEMENT

Plaintiff Jessica Labrie ("Plaintiff" or "Labrie"), who at all relevant times has been a resident of Vancouver, British Columbia, Canada has chosen Los Angeles, California as the place to mount her baseless attacks on Defendant Courtney Love Cobain who at all times relevant to this matter has resided in New York City.[1]

Labrie's action is, at most, a garden variety breach of contract claim[2], which she has inflated with ten far-reaching, additional claims - - six employment-related claims ("Employment Claims") grounded in the California Labor Code or based upon alleged violations of public policy as codified in California statutes. Of these Employment Claims, three are essentially wage claims alleging violations of the California Labor Code[3] ("Labor Code Claims"), and three are duplicative wrongful constructive termination claims (so-called "*Tameny* Claims") based on supposed violations of public policy[4].

Labrie's remaining claims include three fraud-based claims (*i.e.*, the Seventh through Ninth Causes of Action) ("Fraud-Based Claims") and a claim for intentional infliction of emotional distress (*i.e.*, the Eleventh Cause of Action) ("IIED Claim").

Ignoring the complete absence of any substantive connection to California, and seeking to obtain an unfair advantage by locating this case where neither the parties, nor the bulk of the relevant witnesses, are located, Plaintiff filed this action in

---

[1] *See* Love Dec. ¶2.

[2] Labrie alleges that *on or about June 14, 2010*, she was hired to work for Love as an "Administrative Assistant and Forensic Research Aide" (Complaint ¶14 ), whose responsibilities allegedly included "conducting research, preparing written reports, creating document organizational systems, and providing assistance with Love's everyday activities." Complaint ¶15 Labrie claims that she was to be paid $30 per hour (plus expenses and bonus) and a "full ride" scholarship to Yale, Complaint ¶23, often worked more than 60 hours per week, Complaint ¶19, and was asked to do various unsavory things for which there is likely to be no proof. Complaint ¶¶21-22.

[3] These are the Fourth through Sixth Causes of Action for Failure to (reimburse reasonable business expenses, pay wages and pay overtime).

[4] These are the First through Third Causes of action for Wrongful Constructive Termination in violation of public policy (the so-called *Tameny* Claims ).

the California Superior Court located in Los Angeles, California, an action which Love then properly removed to this Court.[5] The only people located here are the attorneys and a few minor witnesses, and such blatant "forum shopping" should not be condoned. *See Reiffin v. Microsoft Corporation*, 104 F. Supp. 2d 48, fn. 12 (D.C. Cir. 2000).

The gravamen of Labrie's Complaint appears to be that Love failed to pay her for time she allegedly devoted to working for Ms. Love as an independent contractor.[6] However, there is no basis for this action to proceed in California, and Love seeks dismissal of this action under FRCP 12(b)(3), or, in the alternative, to transfer this case to the Southern District of New York because the Central District of California is an improper venue.

It is undisputed that Labrie "is and at all times [mentioned in the Complaint] was a resident of the City of Vancouver, British Columbia, Canada." Complaint ¶1. As to Ms. Love, Labrie intentionally does not allege the residency or citizenship of Ms. Love. Instead she merely alleges (albeit incorrectly) that "[Love] is an individual doing business in the state of California" (Complaint ¶2), which misleadingly avoids the necessary and appropriate allegation of residency which, indisputably, is New York. *See* Love Dec. ¶2. Ms. Labrie filed suit in the wrong court. She complains of a chain of events, an insubstantial part of which, if at all, took part in Los Angeles, and none of the parties reside here. This is an insufficient basis for asserting venue under the Federal Rules.

Where venue is improper, the District Court must dismiss the action or alternatively, transfer the action to a proper venue. *See* 28 U.S.C. §1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division

---

[5] Love filed the removal papers on September 12, 2012 and they are in the Court's file as document numbers 1 and 2.

[6] There are no allegations in the Complaint that the relationship was anything but that of an independent contractor.

2 **CV12-7793 GHK (JCGx)**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR TO TRANSFER VENUE; MEMORANDUM AND DECLARATIONS IN SUPPORT THEREOF**

or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

In the alternative, even if the Court finds that the Central District of California is a proper venue, Love seeks the transfer of this Action (pursuant to 28 U.S.C. §1404(a)) to the Southern District of New York because doing so would serve the "interest of justice" and the "convenience of parties and witnesses." *See* 28 U.S.C. §1404(a).

As Ms. Love's declaration demonstrates, *inter alia*: (i) Love does not keep an office or residence in this District nor does she do regular business from here,[7] (ii) key witnesses in this matter are located in New York or out of this Country altogether,[8] and (iii) at best, an insubstantial part of the events giving rise to this case took place near here.[9]

Accordingly, Love respectfully requests that this Court grant this Motion to dismiss the case or transfer venue to the United States District Court of the Southern District of New York located in New York, New York.

Moreover, because there is simply no basis for the application of California employment law to these proceedings, and because Plaintiff has so insufficiently pled all claims (with the exception of the Tenth Cause of Action for Breach of Contract), this Court is respectfully requested to dismiss these claims, whether or not it decides to retain the case.

## II. PLAINTIFFS' CHOICE OF VENUE IS IMPROPER

Fed. R. Civ. P. 12(b)(3) allows a defendant to bring a motion to dismiss or transfer venue on the basis of improper venue.

[7] Love Dec. ¶3. Moreover, Labrie of course does not allege that Labrie performed or performs any regular business here because she does not and did not (at least with respect to the times relevant to this action).
[8] Love Dec. ¶4.
[9] Love Dec. ¶5.

The issue of venue in the federal courts is governed entirely by statute. *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 181 (1979). When venue is improper, a court must dismiss or transfer the case. *See* 28 U.S.C. § 1406(a).

Venue statutes are generally intended to protect defendants from being forced to defend in an unfair or inconvenient forum. *See Leroy*, 443 U.S. at 183-84. Moreover, "[t]he requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction." *Olberding v. Illinois Cent. R. Co.*, 346 U.S. 338, 340 (1953).

Once Love has raised an objection to venue, Labrie bears the burden of establishing that the venue she has selected is proper. *See Bartholomew v. Virginia Chiropractors Association*, 612 F. 2d 812, 816 (4th Cir. 1979).

In determining whether a particular venue is proper, courts look to 28 U.S.C. § 1391(b), which provides:

> "(b) A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

For the following reasons, the Central District of California is an improper venue; whereas, the Southern District of New York is a proper venue.

4 CV12-7793 GHK (JCGx)

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR TO TRANSFER VENUE; MEMORANDUM AND DECLARATIONS IN SUPPORT THEREOF**

**A. Love Does Not Reside within the Central District of California, but Rather within the Southern District of New York**

For venue purposes, a parties' residence is determined as of the time an action is commenced, not when the claim for relief arose. *Tenefrancia v. Robinson Export & Import Corp*., 921 F. 2d 556, 559 (4th Cir. 1990); *Technograph Printed Circuits, Ltd. V. Packard Bell Electronic Corp.*, 290 F. Supp. 308, 326 (C.D. Cal 1968).

Here, Love, the only defendant, resides in New York City, New York and has continuously resided there since 2009 before the time period referenced in the Complaint. Love Dec. ¶2. Therefore, Love "resides" within the Southern District of New York and not within the Central District of California.

**B. A Substantial Part of the Alleged Events and Omissions in this Action Did *Not* Take Place within the Central District of California**

In a obvious attempt to file this case where her Counsel is located and out the convenient reach of the Defendant, Plaintiff has not alleged one fact concerning where the alleged events and omissions took place.

What constitutes a "substantial part" is likely to be determined in light of the purpose of the venue statute: "[T]he substantiality of the operative events is determined by assessment of their ramifications for efficient conduct of the suit ... ." *Lamont v. Haig*, 590 F. 2d 1124, 1134 (D.C. Cir. 1978); *Myers v. Bennett Law Offices*, 238 F. 3d 1068, 1076 (9th Cir. 2001). Particular emphasis is put on the place where parties acted or were engaged in business. *See Bates v. C &S Adjusters, Inc.*, 980 F. 2d 865, 867 (2d Cir. 1992); *Myers*, 238 F. 3d at 1076; *Jenkins Brick Co. v. Bremer*, 321 F. 3d 1366, 1371 (11th Cir. 2003).

Here, the events allegedly giving rise to this lawsuit took place from June 2010 to June 2011. Complaint ¶¶14, 50. While Plaintiff might contend that Love's sporadic trips to Los Angeles, where e-mails between Love and Labrie (who was not in Los Angeles) might have been exchanged, constituted the conduct of substantial

events in this matter, that would be nonsense. The only face-to-face meeting between the parties occurred at Love's apartment in New York City. Love Dec. ¶5.

Love's infrequent stays in Los Angeles were not "events" of this lawsuit, and, for the most part, Love dealt with Labrie from Love's home in New York or from a computer Love had with her on the road away from this District. In addition, there is no dispute that Plaintiff provided whatever services she provided from Plaintiff's residence in Canada.[10]

It is clear that there is an insufficient amount of connection to this District for this case to be brought here and it should be dismissed or, in the alternative, transferred to the Southern District of New York, where it belongs. *See* 28 U.S.C. §1406(a).

## III. In The Alternative, This Action Should Be Transferred To The Southern District Of New York Because Plaintiff's Chosen Venue Is An Inconvenient Forum

Even if venue in the Central District of California were technically proper (it is not), transfer to the Southern District of New York would remain the appropriate disposition of this case. Under 28 U.S.C. §1404(a), the Court has broad discretion to transfer this case, providing that : "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In deciding a motion to transfer, the court must consider the three elements set forth in the statute: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. §1404(a). The decision to transfer lies within the sound discretion of the trial judge, *id.*, and these factors are

[10] Labrie decided to fly to Los Angeles one time in 2010 to retrieve some documents but that was her only time here on behalf of Love. Love Dec. ¶5.

interpreted broadly to allow the court to consider the particular facts of each case. *E. & J. Gallo Winery v. F. & P.S.p.A.*, 404 F. Supp.465, 466 (E.D. Cal.1994).

In determining if the elements are met, courts within the Ninth Circuit consider the following factors: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000), *see also E&J Gallo Winery*, 404 F. Supp. at 466.

An evaluation of these factors leaves no doubt that the Southern District of New York is a far more convenient and just forum for this litigation, and the only sensible place for this action to be tried.

**A.    This Action Could Have Been Brought in the Southern District of New York**

Under 28 U.S.C. §1391(b)(1), venue is proper when the action is brought in a judicial district where any defendant resides, if all defendants reside in the same State.

Clearly, this action could have been brought in the Southern District of New York under this provision because Love, the only defendant in this action, resides within the Southern District of New York.  *See* Love Dec. ¶2

**B.    The Ninth Circuit Factors Weigh Heavily in Favor of Transfer to the Southern District of New York**

Here, the vast majority of the relevant factors enumerated by the Ninth Circuit in determining whether to transfer venue militate in favor of transfer.

1. Transfer to the Southern District of New York will promote the convenience of the witnesses and parties and reduce the cost of litigation.

"The convenience of witnesses is . . . the most important factor in passing on a transfer motion." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981). Here, if discovery and/or trial should become necessary here, then the Southern District of New York would be much more convenient for the witnesses.

The primary witness is, of course, Defendant Love who resides in New York, New York. Aside from Love, Plaintiff implicates Sam Lutfi (Complaint ¶44) and Zoe Louse Brooks (Complaint ¶46). While Lutfi resides here and had only snippets of contact with Plaintiff, mostly about her requests to be paid, Love Dec. ¶6, Ms. Brooks, who was Love's personal assistant, makes her home in London, England, Love Dec. ¶4, so New York is more convenient for the parties and for her. In addition, Hershey Vallarta and Cassandra Dupiton, who were respectively Love's house manager and executive assistant who had direct contact with Plaintiff, Love Dec., ¶4, live in New York City or its vicinity. Finally, Jonathan Daniel, Love's personal manager who has relevant knowledge of Plaintiff, resides and works in New York, New York. Love Dec. ¶4.

Based upon the location of these witnesses, almost all of whom are in New York, it would clearly be more convenient, less costly, and less disruptive, for these proceedings to take place in the Southern District of New York instead of these witnesses having to attend judicial proceedings in this District. *See Cheng v. Boeing Co.*, 708 F.2d 1406, 1410 (9th Cir. 1983) ("[C]ost of obtaining attendance of willing, witnesses" is an important consideration in determining convenience of a particular venue.). This is particularly true because Plaintiff's chosen venue is nearly 3,000 miles from the witnesses in the New York City area. *See In re Volkswagon of*

*America, Inc.*, 506 F. 3d 376, 386 (5th Cir. 2007). ("When the distance between an existing venue for trial of a matter and a proposed venue under §1404 is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.").

The convenience of the witnesses deserves additional weight where, as here, the defendant in this action, Ms. Love, is the key person who engaged in contact with Labrie, Love Dec. ¶5, and Ms. Love lives in New York, far away from the present venue, Love Dec. ¶2. *See English v. United Brands Co.*, 1974 U.S. Dist. LEXIS 11702, at *4 (N.D. Cal. 1974) (noting that "interests of defendants--in minimizing the disruption of their business activities during litigation--are proper factors to be considered by the court on a §1404 motion").

All told, the party and witness convenience factors militate strongly in favor of transfer.

2. Transfer will provide easier access to sources of proof.

This factor also tends toward the Defendant as the documents are all most likely residing on computers which are in the possession and location of the witnesses, the vast majority of whom are in New York. Freundlich Dec. ¶3; *see, e.g., Miracle Blade, LLC v. Ebrands Commerce Group, LLC*, 207 F. Supp. 2d 1136, 1156 (D. Nev. 2002) (where all evidence remains in a given district, consideration of access to proof counsels toward transfer to that district).

At worst, this is neutral factor since much of the documentation can probably be analyzed and produced electronically. Freundlich Dec. ¶3.

3. Plaintiff's choice of forum is to be afforded little weight here.

Plaintiff's chosen forum does not control where this action should lie. Although a plaintiff's choice is generally afforded substantial weight, a plaintiff's choice of forum should be given "minimal consideration" where, as here, most of the operative facts occurred outside the selected forum and where the plaintiff herself

9 **CV12-7793 GHK (JCGx)**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR TO TRANSFER VENUE; MEMORANDUM AND DECLARATIONS IN SUPPORT THEREOF**

does not live within the selected forum. *Parker v. Saturdays Group, U.S. Dist. LEXIS* 19114, at *5 (N.D. Cal. Nov. 13, 1992); *see also Lou v. Belzburg*, 834 F. 2d 730, 739 (9th Cir. 1987) ("If the operative facts have not occurred within [plaintiff's chosen] forum and [that] forum has no interest in the parties or the subject matter, [the plaintiff's] choice is entitled only to minimal consideration."); *Deputy v. Long-Term Disability Plan of Sponsor Aventis Pharmaceuticals*, 2002 WL 31655328, at *3 (N.D. Cal. Nov. 21, 2002) (plaintiff's choice of forum is not significant factor when Plaintiff does not reside within the forum) (citing *Bryant v. ITT Corp.*, 48 F.Supp.2d 829, 832 (N.D.Ill.1999); *Reiffin v. Microsoft Corp.*, 104 F.Supp.2d at 54, fn. 12.).

4. The respective parties' contacts with the forum.

Labrie lives in Vancouver, British Columbia, Canada and has not alleged any work that she performed on any regular basis in California. As of the middle of 2009, Love has lived in New York City, and except for sporadic visits to Los Angeles, does not have any contact with this forum. Love Dec. ¶¶2, 5.

This factor militates in favor of transfer to the Southern District of New York.

5. The contacts relating to the plaintiff's cause of action in the chosen forum

Labrie does not allege any acts or omissions in this forum. As set forth in the Love Dec. ¶5, aside for the possibility that Love may have sent or received some e-mails from Labrie during her brief visits here, Love never communicated with, nor met with Labrie in this District. The only time Love and Labrie ever met face to face was in New York, New York. Love Dec. ¶5.

6. The state that is most familiar with the governing law

Labrie's Complaint presents five generic, common law claims (*e.g.*, breach of contract, fraud, intentional infliction of emotional distress) and six Employment Claims based upon California case law and statutes. While a California court may have greater familiarity generally with the law underlying Labrie's Employment

Claims, such familiarity should be afforded no weight here where those claims are easily dismissible because, *inter alia*, statutory and federal Constitutional principles prohibit application of California's employment law to extraterritorial activities. *See* Rule 12(b)(6) Motion, *infra*, pp. 11-14 . Should this Court choose to transfer venue and not to adjudicate the merits of the Rule 12(b)(6) challenges, the transferee New York court would be sufficiently familiar with the relevant statutory and federal Constitutional principles to adjudicate Love's Rule 12(b)(6) Motion (and any other law- and/or evidence-based adjudication, if necessary) as to Labrie's Employment Claims. And, of course, with respect to Labrie's five generic, common law claims, those claims can easily be adjudicated by the transferee New York court as New York law recognizes those same common law actions.[11]

7. The availability of compulsory process to compel attendance of unwilling non party witnesses

Since the majority of the key non-party witnesses are either in New York or outside of this District, this factor weighs in factor of transfer.[12] *See* Love Dec. ¶4.

For the foregoing reasons, transfer to the Southern District of New York under section 1404(a) would be an appropriate disposition.

## IV. THE COURT SHOULD DISMISS ALL OF LABRIE'S CLAIMS, EXCEPT FOR THE BREACH OF CONTRACT CLAIM

### A. Standard Governing a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

"A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint." *Zito v.*

---

[11] This Court could, in its discretion, decide the 12(b)(6) motion to dismiss the inapplicable California Employment Law Claims and then transfer venue in the interest of justice and efficiency.

[12] As for the remaining factor concerning where the alleged contract was negotiated, there is some dispute that came to light in the meet and confer, as to how, where, when and by whom the employment contract(s) were negotiated. *See* Freundlich Dec. ¶2. Accordingly, that factor is difficult to analyze without further discovery.

*Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1024 (N.D. Cal. 2003). Dismissal pursuant to Rule 12(b)(6) is proper "where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *eCash Technologies v. Guargliardo*, 127 F. Supp. 2d 1069, 1074 (C.D. Cal. 2000) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)). In deciding whether a plaintiff has pleaded facts establishing she "is entitled to relief," Fed. R. Civ. P. 8(a)(2), "[t]he Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them." *eCash*, 127 F. Supp. 2d at 1074. But, this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . ." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 570).

## B.   All Six of Labrie's Employment Claims Fail To State Claims

Labrie's six Employment Claims require dismissal because the California statutes Labrie relies upon cannot, as a matter of statutory construction and Constitutional principles, be applied extraterritorially to cover Labrie's work—none of which is alleged in the Complaint to have occurred within California.

### 1.   The Statutes Relied Upon By Labrie's Employment Claims Do Not and Cannot Apply to Work Which Took Place Outside of California

The California Labor Code, like other California statutes, does not and cannot apply to a non-resident who does not render services within California. Courts in California have held that "[t]here is a general presumption that California statutes are not given extraterritorial effect." *See, e.g., Priyanto v. M/S AMSTERDAM*, 2009 WL

175739, at *5 (C.D. Cal. Jan. 23, 2009) (citing *North Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1 (1916)). The *Priyanto* court noted that "[i]t appears that California has little or no interest in applying its wage laws to nonresidents who perform work outside of California." *Id.* at *7. In underscoring its conclusion that California's wage laws ***do not*** apply to non-resident employees working outside of California, the *Priyanto* court "found no decision applying any state's wage laws to nonresidents who did not work in the state, regardless of the other contacts." *Id.* at *7 (citing, *inter alia*, *Glass v. Kemper Corp.*, 133 F.3d 999, 1000-01 (7th Cir.1998) (holding that Illinois wage law did not apply to nonresident employee who worked outside the state, even though employer's primary place of business was in Illinois)).

Accordingly, Labrie—a Canadian resident who has not alleged that she performed any work in California—cannot avail herself to the protections of the California Labor Code and the wage provisions therein. Therefore, Labrie's Labor Code Claims fail.

Similarly, Labrie's *Tameny* Claims, which are wrongful termination claims based upon supposed violations of public policy as codified in California statutes (here, the Labor Code, Penal Code, and Civil Code), are not cognizable for the same reason. *See Green v. Ralee Engineering Co.*, 19 Cal.4th 66, 79 (1998) ("[W]rongful termination cases involving a *Tameny* [claim] are limited to those claims finding support in an important public policy based on a statutory or constitutional provision."); *Priyanto*, 2009 WL 175739, at *5 (general presumption that California statutes are not given extraterritorial effect) (citing *North Alaska Salmon Co.*, 174 Cal. 1).[13]

---

[13] Even if Labrie were to have alleged that her work for Love required Labrie to come to California from time to time, the California Labor Code, among other California statutes, would still be inapplicable, and accordingly her Employment Claims would still fail. *See Campbell v. Arco Marine, Inc.*, 42 Cal.App.4th 1850, 1858 (1996) (refusing to apply California Fair Employment and Housing Act to a nonresident employee who worked aboard a ship owned by a California company, because the claimed harassment occurred outside of California, and "[e]xcept for

13 CV12-7793 GHK (JCGx)

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR TO TRANSFER VENUE; MEMORANDUM AND DECLARATIONS IN SUPPORT THEREOF**

2. Labrie's Employment Claims Are Constitutionally Infirm

In addition to the irreparable statutory defects of Labrie's Employment Claims, those claims also are also irreparably Constitutionally infirm. Specifically, Labrie's Employment Claims—comprised of the Labor Code Claims and the *Tameny* Claims—run afoul of the United States Constitution's dormant Commerce Clause, the Full Faith and Credit Clause, and the Due Process Clause.

Applying California law to the extraterritorial alleged employment activities here would clearly violate the dormant Commerce Clause. *See Campbell v. Arco Marine, Inc.*, 42 Cal.App.4th 1850, 1858 (1996) (finding that applying California employment law extraterritorially "would raise serious constitutional concerns" as the dormant Commerce Clause prohibits states from regulating "'commerce that takes place wholly outside of the state's borders, regardless of whether the commerce has effects within the state'") (quoting *Edgar v. MITE Corp.*, 457 U.S. 624, 642–643 (1982)).

Similarly, given the lack of any "significant contacts" with California here, application or "choice" of California law would also run afoul of the Due Process and Full Faith and Credit Clauses. *See Campbell*, 42 Cal.App.4th at 1858-59 ("In order to ensure that the choice of law is neither arbitrary nor fundamentally unfair… the Court has invalidated [under the Due Process and Full Faith and Credit Clauses] the choice of law of a State which has had no significant contact or significant aggregation of contacts, creating state interests, with the parties and the occurrence or transaction.") (citing *Allstate Insurance Co. v. Hague*, 449 U.S. 302, 308 (1981)).

Here, the application or "choice" of California law to regulate the work of someone who "is and at all relevant times [mentioned in the Complaint] was a

occasional brief stopovers in California and other West Coast ports, her official functions were performed on the high seas," and therefore, "[t]he relationship with California [was] slight"); *see also Priyanto*, 2009 WL 175739, at *8 (citing *Campbell* to support conclusion that California wage laws do not apply where work is largely performed outside of California).

14 **CV12-7793 GHK (JCGx)**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR TO TRANSFER VENUE; MEMORANDUM AND DECLARATIONS IN SUPPORT THEREOF**

resident of the city of Vancouver, British Columbia, Canada," Complaint ¶1, and who has not alleged she performed any work in California would clearly violate these Constitutional clauses.[14]

3. The Employment Claims Fail Because Labrie Has Not Alleged Facts That She Was Love's Employee

Aside from cursory allegations of a supposed employment relationship between Love and Labrie, *see e.g.*, Complaint ¶¶14, 60, Plaintiff *fails to allege any facts* indicating that she was an employee (rather than an independent contractor) and that Love was her employer. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that for a claim to survive a motion to dismiss, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *see also Varisco v. Gateway Science and Engineering, Inc.*, 166 Cal.App.4th 1099, 1102-03 (2008) (holding that independent contractors cannot assert *Tameny* claims) (citing *Sistare-Meyer v. Young Men's Christian Assn.*, 58 Cal.App.4th 10, 18 (1997) (same)); West, *Cal. Prac. Guide Employment Litigation* 11:116 ("Independent contractors are not 'employees' covered by [California's] wage and hour laws.").

**C. Labrie's Fraud-Based Claims Are Not Pleaded with Particularity and Therefore Must Be Dismissed**

While state law establishes the elements of fraud-based claims, Federal Rule of Civil Procedure 9(b) governs whether the pleading is sufficient. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). To comply with Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1107-08 (9th Cir. 2003). Conclusory allegations of fraud are insufficient. *Bly-Mcgee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). Instead, Rule 9(b) "require[s the

[14] *See supra* footnote 13.

15 CV12-7793 GHK (JCGx)
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR TO TRANSFER VENUE; MEMORANDUM AND DECLARATIONS IN SUPPORT THEREOF

plaintiff] to plead her case with a high degree of meticulousness." *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000). This high standard serves several important purposes, including deterring plaintiffs from filing baseless fraud claims as pretexts and which risk substantial reputational injuries. *See Kearns*, 567 F.3d at 1124-25.

Meticulousness in pleading fraud is especially important where, as here, a plaintiff essentially alleges "promissory fraud," namely that a contracting party harbored a secret intent not to perform. Requiring the pleading of facts establishing the claim --including facts establishing the alleged secret intent not to perform -- guards against plaintiffs who hope to bootstrap a contract claim into a tort and punitive damages by the simple expedient of tossing in a conclusory allegation that the defendant never intended to perform. *See Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1153-54 (S.D. Cal. 2001) (Failure to apply "the heightened pleading requirements of Rule 9(b) . . .would allow 'every breach of contract [to] support a claim of fraud so long as the plaintiff adds to his complaint a general allegation that the defendant never intended to keep her promise.'") (quoting *Richardson v. Reliance Nat'l Indem. Co.*, 2000 WL 284211, at *5) (N.D. Cal. 2000). Applying these established principles here, Labrie, for the reasons below, fails to plead her Fraud-Based Claims with the particularity required by Rule 9(b) and therefore those claims must be dismissed.

Labrie's Fraud-Based Claims rely solely on conclusory allegations and are therefore not cognizable. Labrie alleges that Love made a number of representations that Labrie claims proved false: "Defendant promised Plaintiff that she would provide Plaintiff a position on the set of an upcoming Nirvana biopic, provide Plaintiff a 'full ride' scholarship to Yale University, pay Plaintiff bonuses, promote Plaintiff, and provide Plaintiff a position with her music management company." (Compl. ¶¶104, 115, 125). Labrie's bald accusations fail to provide the "the who,

16 **CV12-7793 GHK (JCGx)**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR TO TRANSFER VENUE; MEMORANDUM AND DECLARATIONS IN SUPPORT THEREOF**

what, when, where, and how" of the alleged fraud. *Vess*, 317 F.3d at 1107-08. That is, Labrie does not allege (1) when and where those supposed representations were made and (2) in what context (*i.e.*, "how") the alleged representations were made. Accordingly, the supposedly fraudulent representations asserted in Labrie's Complaint do not meet the stringent pleading requirements of Rule 9(b) and therefore her Fraud-Based Claims must be dismissed.[15]

Similarly, Labrie does not adequately plead that Love made the alleged representations with the level of intent (*i.e.*, scienter) required by Rule 9(b)'s heightened pleading standard. That is, to comply with Rule 9(b), "the plaintiff is precluded from simply pointing to a defendant's statement, noting that the content of the statement conflicts with the current state of affairs, and then concluding that the statement in question was false when made." *Smith*, 160 F. Supp. 2d at 1153). An alleged breach simply does not establish the defendant "never intended to honor the contract, thereby committing fraud." *Id.*; *see also LeDonne v. AXA Equitable Life Ins. Co.*, 411 F.Supp.2d 957, 960 (N.D. Ill. 2006) ("bald assertions that the defendant never intended to keep a promise are 'insufficient to state a claim for promissory fraud'") (quoting *Brdecka v. Gleaner Life Ins. Soc'y*, 2002 WL 1949743, at *3) (N.D. Ill. 2002)). Here, Labrie's bald allegations such as "Defendant's representations were not true," "Defendant had no reasonable grounds for believing the representations were true when she made them," and "Defendant did not intend to perform the promises when made," are insufficient under Rule 9(b) to plead that Love acted with the requisite scienter. *See* Compl. ¶¶106-107, 117-118, 127-128.

---

[15] Indeed, Labrie's Fraud-Based allegations are so threadbare that they would not even survive the less stringent pleading standard under *Iqbal* and *Twombly* that governs Labrie's non-fraud-based claims. *See, e.g., Twombly*, 550 U.S. at 555 (holding that for a claim to survive a motion to dismiss, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")

17 **CV12-7793 GHK (JCGx)**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR TO TRANSFER VENUE; MEMORANDUM AND DECLARATIONS IN SUPPORT THEREOF**

**D. Labrie's IIED Claim is Insufficiently Pled and Must Be Dismissed**

The United States Supreme Court has made it clear that "[t]hreadbare recitals of the elements of a cause of action" are insufficient for a claim to survive a motion to dismiss under Rule 12(b)(6). *Iqbal,* 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555. Here, Labrie's threadbare recitation of the elements of IIED, *see* Complaint ¶¶139-142, along with her unsubstantiated boilerplate allegation that "Plaintiff's mental and physical health has suffered because of Defendant's conduct, including but not limited to, headaches, insomnia, depression and anxiety," Complaint ¶51, does not meet the federal pleading standard under *Iqbal* and *Twombly*. *See Beijing Tong Ren Tang (USA), Corp. v. TRT USA Corp.*, 2010 WL 98957, at *2 (N.D. Cal. 2010) (citing *Bogard v. Employers Cas. Co.*, 164 Cal.App.3d 602, 607 n. 2, 617-18 (1985) (affirming dismissal of IIED claim where plaintiffs alleged that they had "suffered mental anguish and emotional distress, and became ill, nervous and upset," and that "they suffered emotional distress, [but] failed to set forth any facts which indicate the nature or extent of any mental suffering incurred as a result of [the defendant's] alleged outrageous conduct")).

Moreover, Labrie's IIED claim is irreparably infirm and incapable of amendment because Labrie has not and cannot, as a matter of law, allege that her supposed emotional distress is or was "of such substantial quantity or enduring quality that no reasonable man [or woman] in a civilized society should be expected to endure it." *Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal.App.3d 376, 397 (1970). In addition, the IIED claim is also not cognizable because the conduct alleged in the Complaint, which, at most, amounts to a garden variety breach of contract claim, cannot serve as the basis for an IIED claim. *See generally Erlich v. Menezes*, 21 Cal.4th 543 (1999) (holding that breach of contract cannot typically serve as basis for IIED claim).

18 CV12-7793 GHK (JCGx)

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR TO TRANSFER VENUE; MEMORANDUM AND DECLARATIONS IN SUPPORT THEREOF

## V. CONCLUSION

For the foregoing reasons, the Court should:

(1) Dismiss this action or transfer venue to the Southern District of New York as that venue is proper and the current venue is not;

(2) In the alternative, applying the factors considered by courts within Ninth Circuit, this Court should transfer this action to the Southern District of New York because it would be more convenient for the parties and witnesses and would serve the interest of justice;

(3) Under FRCP 12(b)(6), the Court should dismiss Plaintiff's six Employment Claims and the IIED Claim; and,

(4) Finally, under FRCP 12(b)(6) and 9(b), the Court should dismiss Plaintiff's three Fraud-Based Claims because Plaintiff has failed to state cognizable claims and because those claims are not pled with particularity.

Dated: September 17, 2012

FREUNDLICH LAW
Kenneth D. Freundlich

By: ______________________
Kenneth D. Freundlich
Attorneys for Defendant
Courtney Love Cobain

**DECLARATION OF COURTNEY LOVE COBAIN**

I, Courtney Love Cobain, declare:

1. I am the Defendant in this action which has been removed from State Court to this Court and submit this declaration in support of my motions to dismiss or transfer venue of this action to the Southern District of New York. The facts stated herein are true and correct and of my own personal knowledge. If called and sworn as a witness, I could and would testify competently thereto under oath.

2. Currently, and at all times that Plaintiff Jessica Labrie ("Labrie") purports to have performed "services" for me, I have been residing and domiciled in New York City, having moved here in 2009 from Los Angeles where I had previously lived. I do travel from New York to perform concerts and various other entertainment services but I have done very little travelling outside of New York since 2010 when my group "Hole" engaged in a worldwide tour.

3. I do not keep an office or residence in Los Angeles nor do I personally do regular business from there, except that my business managers, who pay my bills are located there.

4. The key witnesses in this matter who dealt with Labrie on my behalf are myself, *Jonathan Daniel*, my personal manager during all the relevant times, *Zoe Louise Brooks*, my personal assistant during all the relevant times, *Cassandra Dupiton*, my Executive Assistant during all relevant times, and *Hershey Vallarta*, my house manager during all relevant times. Except for Ms. Brooks, who resides in London, England, all of those witnesses live in New York City or its outskirts. My understanding is that the relevant documents are stored on their computers which are with them.

5. I only briefly met Labrie face to face once and that occurred at my home in New York City. I was the key person in contact with Labrie during the alleged period of time. Labrie lived in Canada for the entire time she was in contact with me,

except for a very brief trip to Los Angeles during which she merely located and shipped several boxes of my belongings out of Los Angeles to me or my representatives. Except for that brief trip and the few days I might have passed through Los Angeles on my "Hole" tour, from where I might have exchanged a few e-mails with Labrie, no business related to Labrie and myself took place in Los Angeles.

6. While Labrie might also contend that Sam Lutfi and my business managers, who are located in Los Angeles, are relevant witnesses to this case, their only involvement was in processing Labrie's demands for payment and nothing else.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 17, 2012 in New York, New York.

COURTNEY LOVE COBAIN

21 CV12-7793 GHK (JCGx)
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR TO TRANSFER VENUE; MEMORANDUM AND DECLARATIONS IN SUPPORT THEREOF

**DECLARATION OF KENNETH D. FREUNDLICH**

I, Kenneth D. Freundlich, declare:

1. I am counsel for Defendant Courtney Love Cobain in this action. The facts stated herein are true and correct and of my own personal knowledge. If called and sworn as a witness, I could and would testify competently thereto under oath.

2. Prior to filing this motion, I met and conferred with counsel for the Plaintiff via e-mail on September 13 and 14, and we were not able to reach any agreements to avoid these motions. There was also some disagreement as to how, where, when and by whom the employment contract(s) were negotiated.

3. In this litigation, while most of the relevant documents may be stored on computers outside of California, much, if not all, of these documents can most likely be analyzed and produced electronically to and from witnesses' and counsel's computers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 17, 2012 in Encino, California.

Kenneth D Freundlich

KENNETH D. FREUNDLICH

22 CV12-7793 GHK (JCGx)

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR TO TRANSFER VENUE; MEMORANDUM AND DECLARATIONS IN SUPPORT THEREOF