FILED

DLS/DIVERSIFIED LEGAL SERVICES, INC          619-280-8224          10/9

2012 OCT -9 PM 3: 24

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  Joshua D. Gruenberg (163281)
   Susan M. Swan (241503)
2       LAW OFFICE OF
   JOSHUA D. GRUENBERG
3       2169 FIRST AVENUE
   SAN DIEGO, CALIFORNIA 92101-3542
4     TELEPHONE: (619) 230-1234
      TELECOPIER: (619) 230-1074
6
   Attorneys for Plaintiff,
7  JESSICA LABRIE

8

9            UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11  JESSICA LABRIE, an individual,          Case No. 2:12-CV-07793-GHK-JCG  ✓

12            Plaintiff,                     PLAINTIFF'S FIRST AMENDED          by Sw
                                            COMPLAINT
13        v.
                                            1. FAILURE TO PAY WAGES (Cal.
14  COURTNEY LOVE COBAIN, an individual,       Labor Code §201 et seq.);
    and DOES 1 through 10, Inclusive,       2. FAILURE TO PAY OVERTIME (Cal.
15            Defendants.                       Labor Code §510);
16                                          3. FAILURE TO REIMBURSE
                                               REASONABLE BUSINESS
17                                             EXPENSES (Cal. Labor Code §2802);
18                                          4. BREACH OF CONTRACT;
                                            5. WRONGFUL CONSTRUCTIVE
19                                             TERMINATION IN VIOLATION OF
                                               PUBLIC POLICY (Cal. Labor Code
20                                             §201 et seq.; Cal. Labor Code §2802);
21                                          6. WRONGFUL CONSTRUCTIVE
                                               TERMINATION IN VIOLATION OF
22                                             PUBLIC POLICY (Cal. Penal Code
                                               §502 et seq.);
23                                          7. WRONGFUL CONSTRUCTIVE
24                                             TERMINATION IN VIOLATION OF
                                               PUBLIC POLICY (Cal. Penal Code,
25                                             §§470, 484; Cal. Civil Code, §§ 1572,
                                               1710);
26                                          8. INTENTIONAL INFLICTION OF
                                               EMOTIONAL DISTRESS.
27
28                                          [JURY TRIAL DEMANDED]

1  COMES NOW THE PLAINTIFF, alleging against Defendants as follows:

2  <u>**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**</u>

3  1.     Plaintiff JESSICA LABRIE (hereinafter "Plaintiff" or "LABRIE") is and at all times

4         herein mentioned was a resident of the city of Vancouver, British Columbia, Canada.

6  2.     Plaintiff believes and thereon alleges that at all times herein mentioned, COURTNEY

7         LOVE COBAIN (hereinafter "LOVE COBAIN" or collectively "Defendants") is an

8         individual doing business in the State of California.

9  3.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as

10       DOES 1 through 10 and therefore sues these Defendants by such fictitious names.

11       Plaintiff will amend this Complaint to allege the true names and capacities when they are

12       ascertained.  Plaintiff believes and thereon alleges that each fictitiously named Defendant

13       is responsible in some manner for the occurrences herein alleged and Plaintiff's injuries

14       and damages as herein alleged are directly, proximately and/or legally caused by

15       Defendants and all of their acts.  Plaintiff believes and thereon alleges that each of these

16       Defendants named herein as DOES are the agents, employers, representatives or

17       employees of the other named Defendants and when performing the acts alleged herein,

18       were acting within the scope of their agency, employment and/or representative capacity

19       and are therefore responsible for the acts complained of herein.

20  4.     The tortious acts and omissions alleged to have occurred herein were performed by

21       management level employees.

22  5.     The actions of Defendants, and each of them, against Plaintiff constitute unlawful

23       employment practices in violation of public policy, and caused, and will continue to

24       cause, Plaintiff loss of future earnings and employment.

25  6.     As a further legal (proximate) result of the unlawful and intentional retaliatory actions of

26       Defendants, and each of their agents, against Plaintiff as alleged herein, Plaintiff has been

27       harmed in that she has suffered, and continues to suffer, emotional pain, humiliation,

28       mental anguish, loss of enjoyment of life, and emotional distress.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA  92101

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

7.   Defendants, and each of them, committed these acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct.

8.   Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard for Plaintiff's rights.

9.   Defendants' conduct warrants the assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

10.   Plaintiff seeks compensatory damages, punitive damages, costs of suit herein, and attorney's fees.

## SPECIFIC FACTUAL ALLEGATIONS

11.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

12.   On or about June 14, 2010, LOVE COBAIN employed Plaintiff as an Administrative Assistant and Forensic Research Aide.

13.   Plaintiff's duties and responsibilities included, but were not limited to, conducting research, preparing written reports, creating document organizational systems, and providing assistance with LOVE COBAIN'S everyday activities.

14.   At all times during Plaintiff's employment, Defendant directed Plaintiff to perform all tasks governed by their employment relationship.

15.   Over the course of multiple weeks, Defendant instructed Plaintiff to perform work in the Central District of California.

   a.   Defendant requested Plaintiff to assist LOVE COBAIN in moving her possessions from Los Angeles to New York City.

16.   The work assignments completed by Plaintiff within the Central District of California were the *only* assignments Defendant requested of Plaintiff within the United States.

17.   In January 2010, Defendant flew Plaintiff to Los Angeles from her residence in

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO , CALIFORNIA  92101

1      Vancouver.  Plaintiff stayed and worked in Los Angeles for approximately ten days.

2   18.   During this trip, Defendant instructed Plaintiff to pick up work materials, including

3      insurance CD-ROMs and binders, from LOVE COBAIN'S business manager, Steven

4      Pines.  Pines' office is located in Santa Monica, California.

6   19.   Defendant directed Plaintiff to inventory LOVE COBAIN'S Pasadena warehouse.

7   20.   Defendant also directed Plaintiff to assist in the supervision of movers hired by Defendant

8      to transport items from Los Angeles to New York City.

9   21.   In May 2011, Defendant again flew Plaintiff to Los Angeles.  Plaintiff stayed and worked

10      in Los Angeles for approximately ten more days.

11   22.   Defendant directed Plaintiff to sort through LOVE COBAIN'S financial documents,

12      which were located in Santa Monica.  Plaintiff spent several days sifting through boxes.

13      She sent specified documents in a box to LOVE COBAIN in New York City.

14   23.   LOVE COBAIN also directed Plaintiff to conduct activity Plaintiff reasonably believed

15      was illegal.

16      a.   LOVE COBAIN directed Plaintiff to hire a computer hacker.  Plaintiff refused.

17      b.   LOVE COBAIN directed Plaintiff to send fake legal correspondence.  Plaintiff

18         refused.

19   24.   At the commencement of Plaintiff's employment, Defendant agreed to pay Plaintiff a

20      wage consisting of $30.00 per hour, plus expenses and bonuses, in exchange for

21      Plaintiff's work as LOVE COBAIN'S employee.

22   25.   Plaintiff often worked more than sixty hours per week.

23   26.   Plaintiff incurred substantial business expenses during business trips, including travel

24      costs.

25   27.   She also incurred other business expenses during her employment for LOVE COBAIN,

26      including telephone bills.

27   28.   Throughout her employment, Plaintiff performed her work duties in a capable and

28      competent manner.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA  92101

    a.      LOVE COBAIN promised that she would pay Plaintiff bonuses for her work performance.

29.   In or around February 2011, LOVE COBAIN failed to pay Plaintiff the wages and expenses due and owed to her.

30.   On or about May 9, 2011, LOVE COBAIN paid Plaintiff less than one-third of her wages earned and expenses incurred.

31.   Plaintiff notified LOVE COBAIN that she had not been fully compensated.

32.   Later that month, LOVE COBAIN paid Plaintiff five thousand dollars, yet still owed Plaintiff earned wages and incurred expenses.

33.   LOVE COBAIN never compensated Plaintiff earned overtime wages.

34.   On or about June 11, 2011, LOVE COBAIN notified Plaintiff that she would soon pay Plaintiff the wages and expenses owed to her.

35.   Plaintiff notified LOVE COBAIN that she could not continue working unless she received the wages and expenses owed to her.

36.   LOVE COBAIN and her business manager told Plaintiff that they would immediately wire the total amount LOVE COBAIN owed to Plaintiff.

37.   Soon thereafter, Sam Lufti, one of LOVE COBAIN'S new business management employees, told Plaintiff that her disbursements were "too frequent" and she would "have to wait," or words to that effect.

38.   On or about June 27, 2011, Plaintiff faxed a letter to LOVE COBAIN, detailing all of the tasks Plaintiff had completed and hours worked for LOVE COBAIN.  Plaintiff requested compensation.  Plaintiff again stated that she would be forced to resign if she was not paid her earned wages and incurred expenses.

39.   On or about July 5, 2011, LOVE COBAIN'S new assistant, Zoe Louise Brooks, contacted Plaintiff.  Brooks sent Plaintiff a list of tasks that LOVE COBAIN wanted Plaintiff to complete.  Brooks told Plaintiff that LOVE COBAIN could only afford to pay Plaintiff $2,000.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

40.  As of July 5, 2011, LOVE COBAIN owed Plaintiff more than $2,000 in earned wages and incurred expenses.

41.  On or about June 27, 2011, Plaintiff was forced to resign.

42.  As of Plaintiff's date of resignation, Defendant has owed, and continues to owe, Plaintiff an amount exceeding $27,000 in cumulative earned wages and incurred expenses.

43.  On Plaintiff's information and belief, a motivating factor for Plaintiff's constructive termination is her reporting of, complaining about, and other opposition to fraudulent, unlawful, and unethical acts, including her complaints about her unpaid wages and unpaid expenses, her refusal to hire a computer hacker, and her refusal to send fake legal correspondence.

44.  Plaintiff's mental and physical health has suffered due to Defendant's conduct, including, but not limited to, headaches, insomnia, depression, and anxiety.

45.  LOVE COBAIN directed her employee LABRIE to conduct significant work in Los Angeles.  LOVE COBAIN failed to compensate Plaintiff for her work conducted in Los Angeles.

46.  Throughout Plaintiff's employment, and continuing to the present day, LOVE COBAIN has maintained significant business contacts.

47.  Throughout Plaintiff's employment, LOVE COBAIN employed business managers, Steven Pines and Karen Barrezzueta, interior decorator Jamie Rummerfeld, and executive assistant Sam Lutfi – all of whom reside and work in Los Angeles.

48.  Throughout Plaintiff's employment, Pines, Barrezzueta, Rummerfeld, and Lufti maintained close communications with both LOVE COBAIN and LABRIE.  They assisted LOVE COBAIN in directing LABRIE to carry out LOVE COBAIN'S business goals.

49.  At the commencement of LABRIE'S employment, LOVE COBAIN inserted a clause into a one-page confidentiality agreement requiring any breaches to be tried in arbitration in Los Angeles County.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA  92101

# FIRST CAUSE OF ACTION

## FAILURE TO PAY WAGES

### (Cal. Labor Code §201 et seq.)

50.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

51.  Defendant, as stated herein, did not compensate Plaintiff for all of her hours worked.

52.  As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

53.  As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

54.  In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees.

# SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME PAY

### (Cal. Labor Code §510)

55.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

56.  Under California Labor Code §510, employers must compensate employees for working more than eight hours per day, or more than forty hours per week.

57.  Defendant is, and all times relevant hereto was, an employer within the meaning of and subject to California Labor Code §200 et seq.

58.  Defendant willfully failed to pay Plaintiff overtime compensation.  As a result, Defendant violated California Labor Code §501.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST A VENUE
SAN DIEGO , CALIFORNIA  92101

59. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

60. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

61. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees.

### THIRD CAUSE OF ACTION

**FAILURE TO REIMBURSE REASONABLE BUSINESS EXPENSES**

**(Cal. Labor Code §2802)**

62. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

63. Under California Labor Code §2802, an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

64. As set forth above, LOVE COBAIN failed to fully reimburse Plaintiff for her reasonable business expenses.

65. Plaintiff is entitled to recovery of the full amount of the reimbursements due to her, including interest thereon.

66. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount

to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

67.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

68.   In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees.

### FOURTH CAUSE OF ACTION

### BREACH OF CONTRACT

69.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

70.   Plaintiff and Defendant entered into a contract in or around June 14, 2010.

71.   Under the contract, Defendant agreed to pay Plaintiff thirty dollars per hour.

72.   Plaintiff did all, or substantially all, of the significant things that the contract required of her.

73.   All conditions required by the contract for Defendant's performance had occurred.

74.   Defendant did not pay Plaintiff all of the wages due to her, in violation of the contract, and Plaintiff was harmed by such failure.

75.   Plaintiff has incurred and continues to incur legal expenses and attorney's fees in connection with this action.

### FIFTH CAUSE OF ACTION

### WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Cal. Labor Code §201 et seq., §2802)

76.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

77.   In taking the adverse actions against Plaintiff, herein alleged, Defendant created a hostile

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA  92101

1    work environment; a work environment rife with retaliation, as set forth herein, such that

2    Plaintiff had no reasonable choice but to leave her job with Defendant.  Indeed, no

3    reasonable woman in Plaintiff's shoes would have remained employed with Defendant

4    under working conditions described herein.

6   78.   Plaintiff believes and thereon alleges that her refusal to submit to unlawful acts, including

7    expressing her complaints about her unpaid wages and unreimbursed business expenses,

8    was a motivating factor in Defendant's adverse actions directed against her as set forth

9    herein.  Such actions are unlawful, and retaliatory, and have resulted in damage and injury

10    to Plaintiff, as alleged herein.

11   79.   Defendant's conduct in terminating Plaintiff's employment on the basis of her opposition

12    to fraudulent, unlawful, and unethical acts violated the public policy of the State of

13    California.  *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167.

14   80.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

15    sustained and continues to sustain substantial losses in earnings, employment benefits,

16    employment opportunities, and Plaintiff has suffered other economic losses in an amount

17    to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

18   81.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled

19    to recover punitive and exemplary damages in an amount commensurate with Defendant's

20    wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

21   82.   Plaintiff seeks compensatory damages, punitive damages, costs of suit herein, and

22    attorney's fees.

24           **SIXTH CAUSE OF ACTION**

25  **WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY**

26           **(Cal. Penal Code §502 et seq.)**

27   83.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the

28    preceding paragraphs as though fully set forth herein.

84.   In taking the adverse actions against Plaintiff, herein alleged, Defendant created a hostile work environment; a work environment rife with retaliation, as set forth herein, such that Plaintiff had no reasonable choice but to leave her job with Defendant. Indeed, no reasonable woman in Plaintiff's shoes would have remained employed with Defendant under the working conditions described herein.

85.   Plaintiff believes and thereon alleges that her refusal to commit fraudulent, unlawful, and unethical acts, including her refusal to hire a computer hacker, in violation of California Penal Code § 502, et seq., was a motivating factor in Defendant's adverse actions directed against her as set forth herein. Such actions are unlawful, and retaliatory, and have resulted in damage and injury to Plaintiff, as alleged herein.

86.   Defendant's conduct in constructively terminating Plaintiff's employment on the basis of her opposition to fraudulent, unlawful, and unethical acts violated the public policy of the State of California. *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167.

87.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

88.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

## SEVENTH CAUSE OF ACTION

## WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Cal. Penal Code, §§470, 484; Cal. Civil Code, §§ 1572, 1710)

89.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

90.   In taking the adverse actions against Plaintiff, herein alleged, Defendant created a hostile

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

work environment; a work environment rife with retaliation, as set forth herein, such that Plaintiff had no reasonable choice but to leave her job with Defendant.  Indeed, no reasonable woman in Plaintiff's shoes would have remained employed with Defendant under working conditions described herein.

91.   Plaintiff believes and thereon alleges that her refusal to commit fraudulent, unlawful, and unethical acts, including her refusal to send fake legal correspondence, in violation of Cal. Penal Code, §§470, 484 and Cal. Civil Code, §§ 1572, 1710, was a motivating factor in Defendant's adverse actions directed against her as set forth herein.  Such actions are unlawful, and retaliatory, and have resulted in damage and injury to Plaintiff, as alleged herein.

92.   Defendant's conduct in constructively terminating Plaintiff's employment on the basis of her opposition to fraudulent, unlawful, and unethical acts violated the public policy of the State of California. *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167.

93.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

94.   As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

## EIGHTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

95.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

96.   Defendant's cumulative and intentional conduct, as set forth herein, was extreme and outrageous.  Defendant intended to cause Plaintiff to suffer extreme emotional distress.

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA 92101

1    Plaintiff did suffer extreme emotional distress.

2    97.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

3    sustained and continues to sustain substantial losses in reputation, promotions, and other

4    employment opportunities.

6    98.    As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has

7    suffered and continues to suffer humiliation, emotional distress, loss of reputation, and

8    mental and physical pain and anguish, all to her damage in a sum to be established

9    according to proof.

10   99.    Plaintiff has suffered severe stress and several severe migraine headaches as a direct,

11   foreseeable, and proximate result of Defendant's conduct.  Following her constructive

12   termination, Plaintiff visited a physician for multiple times for diagnosis of her migraine

13   headaches.  Plaintiff's physician prescribed medication.

14

15   **WHEREFORE**, Plaintiff prays for the following relief:

16       1.    For compensatory damages, including loss of promotional opportunities and other

17           opportunities of employment, according to proof;

18       2.    For special damages, including unpaid wages and unpaid expenses, in an amount

19           according to proof;

20       3.    For punitive damages in an amount necessary to make an example of and to punish

21           defendants, and to deter future similar misconduct;

22       4.    For mental and emotional distress damages;

23       5.    For an award of attorney's fees pursuant to Cal. Labor Code §218.5 et seq.;

24       6.    For costs of suit herein;

25       7.    For an award if interest, including prejudgment interest, at the legal rate;

26       8.    For such other and further relief as the Court deems proper and just under all the

27           circumstances.

28   ///

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA  92101

1    **PLAINTIFF JESSICA LABRIE** demands a jury trial on all issues in this case.

2

3    DATED: October 9, 2012                    **LAW OFFICE OF JOSHUA D. GRUENBERG**

4

6                                              _____
                                               JOSHUA D. GRUENBERG
7                                              SUSAN M. SWAN
                                               Attorneys for Plaintiff,
8                                              **JESSICA LABRIE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF
JOSHUA D. GRUENBERG
2169 FIRST AVENUE
SAN DIEGO, CALIFORNIA  92101