E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7793-GHK (JCGx) | Date | March 15, 2013 |
|---|---|---|---|
| Title | *Jessica Labrie v. Courtney Love Cobain* | | |

| Presiding: The Honorable | **GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE** |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order re**: Motion to Dismiss [Dkt. No. 12]

This matter is before us on Defendant Courtney Love Cobain's ("Defendant" or "Love") Motion to Dismiss ("Motion"). We have considered the papers filed in support of and in opposition to this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

**I.     Background**

According to the First Amended Complaint ("FAC"), Love hired Plaintiff Jessica Labrie ("Plaintiff" or "Labrie"), a Canadian resident, as an "Administrative Assistant and Forensic Research Aide" in June 2010. (FAC ¶ 12). Labrie's duties included conducting research, preparing written reports, and assisting with Cobain's everyday activities. (Id. ¶ 13). Love agreed to pay Labrie $30.00 per hour. (Id. ¶ 24). Labrie alleges that Love failed to pay wages, expenses, overtime, and bonuses. Labrie also alleges that Love retaliated against her because Labrie refused to send fake legal correspondence and hire a computer hacker. (Id. ¶ 43). Labrie resigned her position on June 27, 2011. (Id. ¶ 41). Based on these allegations, Labrie asserts the following claims: (1) failure to pay wages; (2) failure to pay overtime; (3) failure to reimburse reasonable business expenses; (4) breach of contract; (5)-(7) three counts of wrongful termination in violation of public policy; and (8) intentional infliction of emotional distress ("IIED"). The breach of contract and IIED claims are common law counts. The remaining claims are asserted under California law.

**II.     Motion to Dismiss**

**A.     Venue**

Under 28 U.S.C. § 1391(b), a civil action may only be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred

E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7793-GHK (JCGx) | Date | March 15, 2013 |
|----------|----------------------|------|----------------|
| Title | *Jessica Labrie v. Courtney Love Cobain* | | |

. . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). "To prevail on the 12(b)(3) motion, the plaintiff only needs to make a prima facie showing of proper venue." *DirecTV, Inc. v. Leo*, 2010 WL 2740072, *6 (C.D. Cal. 2010). Accordingly, we accept the pleadings as true to the extent the defendant does not contradict them, *Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1129 (C.D. Cal. 2009), and we "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

Plaintiff argues that venue lies under § 1391(b)(2) because a substantial part of the events or omissions giving rise to her claims occurred in this district.[1]   In a breach of contract action, relevant venue factors to determine whether a "substantial" part of the events in suit occurred in this district include "where the negotiations took place, where the contract was signed, or where performance or breach occurred." *DSSDR LLC v. Zenith Infotech Ltd.*, 2013 WL 57863, *2 (N.D. Cal. 2013) (citation omitted).  In a tort action, "the locus of the injury" is a relevant factor in making this determination. *Myers v. Bennett Law Offices*, 238 F.3d 1068 (9th Cir. 2001).

Plaintiff contends that a "substantial part of the events or omissions giving rise" to her claims occurred in the Central District of California because during her alleged employment with Love, Labrie took two work trips to Los Angeles.  In particular, Plaintiff asserts that in January 2010, Labrie took an approximately ten-day trip to Los Angeles to help Love move her possessions.  (FAC ¶ 17).  Labrie's responsibilities included supervising movers.  (Id. ¶ 20).  Plaintiff took a second work trip to Los Angeles in May 2011, this time to sort through financial documents in Santa Monica.  (Id. ¶ 21).

We conclude that Plaintiff has failed to meet her prima facie burden to show that a "substantial part" of the events giving rise to her claims occurred in this district.  As Defendant points out, Labrie's two trips to Los Angeles account for only 16 out of the 379 days that she worked for Love.  (Mot. at 1 n.2).  In other words, Labrie's trips to Los Angeles account for only about four percent of the days she worked.  (Id.)  Labrie does not contest this figure.  Plaintiff responds that she earned some of her unpaid wages in this district, but she fails to explain how the unpaid wages for her work here constitute a *substantial* part of the total unpaid wages she claims.  Given that her two work trips to Los Angeles were brief – roughly 20 days in nearly 400 days of alleged employment – Plaintiff has failed to show that a *substantial* part of the events giving rise to her claims occurred in this district.  An analysis of the venue factors supports this conclusion.  First, there are no allegations or evidence that negotiations took place or the contract was signed in this district.  Second, Plaintiff has failed to show that a substantial

---

[1] Plaintiff also argues that venue lies in the Central District of California under § 1391(b)(3). But § 1391(b)(3) only applies "if there is no district in which an action may otherwise be brought as provided in this section."  Here, venue clearly exists under subsection (b)(1) (Love resides in the Southern District of New York ("S.D.N.Y.") and she is the only named Defendant in this suit).  Thus, subsection (b)(3) does not apply.

E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7793-GHK (JCGx) | Date | March 15, 2013 |
|---|---|---|---|

| Title | *Jessica Labrie v. Courtney Love Cobain* |
|---|---|

part of the contract was performed in the Central District; rather, she has shown only that she performed tasks in this district during two brief work trips. Third, the alleged breach appears to have occurred in the Southern District of New York, where Love resides. Accordingly, two of the breach of contract venue factors show no connection to this district, and one of the factors shows an insubstantial connection to this district.

Next, to the extent that Labrie's claims should be treated as tort claims, the locus of the injuries, such as the allegedly wrongful termination, appears to be Vancouver, Canada, where Plaintiff resides. Further, "where the wrongful act was apparently effected" appears to be the Southern District of New York, where Defendant resides. *Cf. Zeta-Jones v. Spice House*, 372 F. Supp. 2d 568, 575 (C.D. Cal. 2005). In sum, none of the venue factors shows a substantial connection to this district as to any of Plaintiff's claims.

Moreover, Plaintiff fails to allege or show that certain claims have any connection whatsoever with this district. Plaintiff asserts three wrongful termination counts: (1) Defendant wrongfully terminated her because she complained about unpaid wages ("Unpaid Wage Count"); (2) Defendant wrongfully terminated her because she refused to hire a computer hacker ("Computer Hacker Count"); and (3) Defendant wrongfully terminated her because she refused to send fake legal correspondence ("Legal Correspondence Count"). Plaintiff does not allege or show that any of the conduct giving rise to her Computer Hacker and Legal Correspondence Counts occurred here. Labrie does not allege that Love asked her to hire a hacker during one of her Los Angeles trips or that Love made this request while she was in this district. Likewise, Plaintiff does not allege that she was constructively discharged while either she or Love was in this district. Plaintiff's IIED count suffers from the same deficiencies. Finally, Labrie appears to acknowledge that the Computer Hacker and Legal Correspondence Counts have no connection to this district. Defendant argues in her papers that "Labrie's [wrongful discharge] claims fail because Labrie does not and cannot allege that her 'constructive discharge in violation of public policy' occurred while she was in California or that any actions . . . giving rise to her alleged constructive discharge happened during her two very brief trips to Los Angeles." (Mot. at 14). Plaintiff merely responds that "Defendant's argument fail[s] to withstand scrutiny" as to Plaintiff's Unpaid Wage Count.[2] (Opp. at 14). Plaintiff does not address the Computer Hacker and Legal Correspondence Counts. Thus, no part of the events giving rise to the Computer Hacker Count, the Legal Correspondence Count, and the IIED count appear to have taken place in this district, let alone a substantial part. Venue clearly does not lie over these claims.

Plaintiff cites authorities for the proposition that a substantial part of the events giving rise to claims can occur in more than one district. *See, e.g., Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 867 (2d Cir. 1992). Although this proposition may be true, it does not establish that a substantial part of the events giving rise to Labrie's claims occurred in this district *in this particular case*. Next, Plaintiff

---

[2] We note, as discussed above, that Plaintiff has failed to show that a *substantial* part of the events giving rise to her unpaid wage claims occurred in this district.

E-Filed – **JS-6**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7793-GHK (JCGx) | Date | March 15, 2013 |
|---|---|---|---|
| Title | *Jessica Labrie v. Courtney Love Cobain* | | |

points out that Love was a resident of this district until 2009, when she moved to New York. But Love did not hire Labrie until 2010. Love's prior residence is therefore not relevant.

Finally, Plaintiff cites *Mitrano v. Hawes*, 377 F.3d 402 (4th Cir. 2004). In *Mitrano*, the defendant, a Massachusetts resident, contracted for legal services with the plaintiff, a New Hampshire resident. *Id.* at 404. The plaintiff moved to Virginia for two months to perform legal services, such as conducting research, making court appearances, and drafting pleadings. *Id.* The defendant ultimately incurred nearly $600,000 in fees but did not pay in full. *Id.* The plaintiff sued for breach of contract in the Eastern District of Virginia. *Id.*

The facts in *Mitrano* are different from the facts here. In that case, the plaintiff spent two months in the venue, not approximately twenty days.[3] *Mitrano* is therefore not analogous to this case. Even if it were analogous, *Mitrano* did not hold that venue was proper in the Eastern District of Virginia. Rather, it remanded for reconsideration of the venue issue, and instructed the district court to consider "exactly what portion of [the plaintiff's] work was performed in the Eastern District." *Id.* at 406. For this reason too, *Mitrano* does not support Plaintiff's position that a substantial part of the events giving rise to her claims occurred in this district. Rather, *Mitrano* merely supports the position that the portion of work performed in this district is a relevant factor in the analysis of venue under § 1391(b)(2). As discussed at length above, Plaintiff has failed to show that the portion of work she performed in this district is substantial.

In light of the venue factors discussed above, we conclude that Plaintiff has failed to meet her burden to show that a *substantial* part of the events or omissions giving rise to her claims occurred in this district. Because Plaintiff does not assert claims for only the unpaid wages earned in this district, i.e., the injuries attributable to her work here, we need not decide whether venue lies over such unasserted claim. In any event, as discussed below, Section II.B.2.c, the fact that venue does not lie over certain claims but may lie over a narrow subset of other claims favors transfer, in the interests of justice and judicial economy, to a forum where venue is proper over all possible claims.

### B.     Transfer

As an alternative to dismissal for lack of venue, Defendant seeks transfer to the S.D.N.Y. under 28 U.S.C. § 1404(a), which states that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Where venue is improper, the district court has the discretion to dismiss the case under Rule 12(b)(3) or transfer the case in the interests of justice to an appropriate

---

[3] The legal services contract in *Mitrano* appears to have lasted at most nine months. *Mitrano*, 377 F.3d at 404 (explaining that the parties entered into the legal services agreement in August 2000 and plaintiff sued for non-payment in April 2001). The work performed in the venue in *Mitrano* therefore appears to account for at least 20 percent of the total work performed, far more than the four percent here.

E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7793-GHK (JCGx) | Date | March 15, 2013 |
|---|---|---|---|
| Title | *Jessica Labrie v. Courtney Love Cobain* | | |

jurisdiction under 28 U.S.C. § 1406(a)." *Multimin USA, Inc. v. Walco Int'l, Inc.*, No. CV F 06-0226 AWI SMS, 2006 WL 1046964, at *2 (E.D. Cal. Apr. 11, 2006) (citing *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992)). The moving party bears the burden of showing that convenience and justice require transfer. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 278-79 (9th Cir. 1979).

This action could have originally been brought in the S.D.N.Y. 28 U.S.C. § 1391(b)(1) provides that venue lies in "a judicial district where any defendant resides, if all defendants reside in the same State." As the Parties do not dispute that Love resides in the S.D.N.Y., and she is the only named Defendant, venue is proper in the proffered transferee district.

### 1. Convenience & Jones Factors

Having established that venue is proper in the S.D.N.Y., we consider the following factors in weighing whether to transfer an action under Section 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

### a. Convenience of Parties and Their Witnesses

With respect to the Parties, convenience strongly favors the Defendant without any significant corresponding inconvenience to Plaintiff. It would be more convenient and reasonable for Love to litigate in the S.D.N.Y. than here. Love explains that she is an individual residing in New York City and that it would be a burden for her to defend this case in California. Plaintiff, by contrast, will need to fly a great distance internationally to litigate this case, whether here or in the S.D.N.Y. *See In re Apple, Inc.*, 602 F.3d 909, 914 (8th Cir. 2010) ("[P]ersons coming from abroad will be required to travel a significant distance no matter where they testify.") (internal citation and quotation marks omitted). Further, Plaintiff does not have any special ties to California or this district; she admits that her only non-witness ties to this forum–and the United States in general–are her counsel. (Opp., Labrie Decl. ¶ 10). But "because § 1404(a) makes no reference to counsel, the convenience of counsel is irrelevant." *Modavox, Inc. v. AOL LLC*, 2009 WL 8548648 (C.D. Cal. 2009) (transferring to the S.D.N.Y. where convenience favored defendant because neither of the parties was a resident of this district) (citation and quotation marks omitted). Finally, Plaintiff asserts that Love and Labrie entered a confidentiality agreement. (Opp. at 6). Plaintiff further asserts that this confidentiality agreement contains a forum selection clause choosing this district as the arbitral forum for disputes arising from the agreement.

E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7793-GHK (JCGx) | Date | March 15, 2013 |
|----------|------------------------|------|----------------|

| Title | *Jessica Labrie v. Courtney Love Cobain* |
|-------|-------------------------------------------|

Thus, Plaintiff suggests, litigating this action here could not be inconvenient for Love because she chose this district as the arbitral forum for other disputes. This action has nothing to do with any confidentiality agreement between the Parties, however, and any such agreement is irrelevant to whether transfer is convenient.[4] At most, the forum selection clause in the confidentiality agreement marginally undermines Defendant's argument that this district is inconvenient, but the clause fails to negate that the S.D.N.Y. is more convenient, as set forth above. In short, the choice is between a forum that will require the both parties to travel a great distance (this district) and a forum that will require only one of the Parties to travel a great distance (the S.D.N.Y.). Thus, based on the convenience to Defendant and the lack of any material burden in this regard for Plaintiff, this factor favors transfer. Finally, we note that because transfer does not materially increase the inconvenience of this litigation to Plaintiff, transfer would not "merely shift" inconvenience from one party to another. *See Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1195 (S.D. Cal. 2007) (explaining that "[t]ransfer is inappropriate where it would merely shift rather than eliminate the inconvenience" ) (citation omitted).

With respect to the witnesses, convenience seems to be inconclusive. Both Plaintiff and Defendant contend that the location of witnesses favors their position on transfer, but neither persuasively explains why the witnesses they mention are particularly important to this case. Plaintiff, for instance, contends that witnesses she interacted with during her two trips to Los Angeles are "key," but fails to persuasively explain why. Rather, it appears that the key witnesses are Plaintiff and Defendant. It is also not clear that obtaining the testimony of out-of-state witnesses would be particularly difficult or onerous. Thus, as to the witnesses, this factor is inconclusive.

In light of the foregoing, we find that transfer would substantially reduce inconvenience to Defendant without materially increasing inconvenience to Labrie. Overall, this factor favors transfer.

**b. Location where the relevant agreements were negotiated**

The Parties do not state where they negotiated the alleged employment agreement, an issue that appears to be in dispute. (See Mot., Freundlich Decl. ¶ 2). Neither party contends that the agreement was negotiated in this district or in the S.D.N.Y. Thus, this factor neither supports nor detracts from the change of venue.

**c. State that is most familiar with the governing law**

---

[4] Plaintiff cites no authority for the proposition that a forum selection clause in a contract that does not give rise to the claims in suit is relevant in the transfer analysis. Further, as Defendant points out, "the alleged forum selection clause . . . applied only to an expedited arbitration procedure and was not meant to subject Love to a drawn out court battle in Los Angeles." (Reply at 4).

E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7793-GHK (JCGx) | Date | March 15, 2013 |
|---|---|---|---|
| Title | *Jessica Labrie v. Courtney Love Cobain* | | |

Six of Plaintiff's claims are brought under California law.  Although California courts are more familiar with California law, a federal district court in New York could apply California state law.  As one district court recently noted "[r]egardless of the particular law to be applied, the Court does not find that the proposed transferee court is incapable of adjudicating Plaintiff's claims, or that this Court would be unable to apply the relevant law.  Accordingly, this factor is neutral." *Alcatel Lucent USA, Inc. v. Dugdale Comm.*, NO. V 09-2140 PSG (JCx), 2010 WL 883831, *11 (C.D. Cal. Mar. 5, 2010). Regardless, significant extraterritoriality and choice of law issues that this case appears to present may very well prevent the application of California law in this action.  *See Campagna v. Language Line Services, Inc.*, 2012 WL 1565229, *3 (N.D. Cal. 2012) (explaining that "[n]one of the cases read California wage and hour laws to cover out-of-state work performed by nonresidents who primarily work outside California").  The S.D.N.Y. is equally competent as this district to resolve any disputes about whether California law applies.  Finally, "this factor is not entitled to great weight because the action does not involve complex legal issues." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1170 (10th Cir. 2010).  Accordingly, we conclude that this factor is neutral or favors transfer.

### d.  Plaintiff's choice of forum

Plaintiff chose to file the case in California.  Normally, the plaintiff's choice is accorded significant weight in the transfer analysis.  However, where the choice of forum is not the plaintiff's "home" base, this choice becomes much less relevant.  As one court explained:  "In spite of the strong presumption in favor of a plaintiff's choice of forum, there are situations where a plaintiff's choice is accorded little weight.  Where a plaintiff chooses to litigate away from home, deference to the plaintiff's choice of forum is substantially reduced.  The deference accorded to a plaintiff's choice is also diminished when the operative facts of a claim occur outside the forum." *Transperfect Global, Inc. v. Motionpoint Corp.*, No. 10-02590 CW,  2010 WL 3619565, *2 (N.D. Cal. Sept. 13, 2010); *Modavox, Inc. v. AOL LLC*, 2009 WL 8548648, *5 (C.D. Cal. 2009) ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled to only minimal consideration.").  Thus, overall, as Plaintiff is a Canadian resident who has no connection to this forum other than two brief trips and her counsel, this factor is accorded little weight.

### e.  Parties' contacts with the forum

Labrie is a resident of Vancouver, Canada, and admits that she has no non-witness contacts with this forum other than her counsel.  Love is a resident of New York, but she has some contacts with this forum.  As Plaintiff contends, Love has several employees in Los Angeles, including two business managers, an interior decorator, and an executive assistant.  (Opp. at 14).  Love also has personal storage space in this district and travels to Los Angeles.  (Id.)  Despite these contacts, overall, this factor weighs slightly in favor of a transfer – Labrie has no non-witness contacts with this forum other than counsel and although Love has some contacts with this forum, she appears to have stronger contacts with New York since establishing her residency there.

E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7793-GHK (JCGx) | Date | March 15, 2013 |
|---|---|---|---|
| Title | *Jessica Labrie v. Courtney Love Cobain* | | |

### f.  Contacts relating to Plaintiff's cause of action

As discussed above in the analysis of venue, Labrie has failed to show that her claims have substantial contact with this forum.  The S.D.N.Y. appears to have stronger contacts with Plaintiff's claims because that is where Love resides and presumably made the alleged decisions not to pay Labrie and to constructively terminate her.  Thus, this factor favors transfer.

### g.  Availability of compulsory process

If witnesses are unwilling to testify in California, this Court would need to rely on its subpoena power.  However, with rare exception, the Court's subpoena power extends outside of this district only if the place of service is "within 100 miles of the place specified for the deposition, hearing, trial, production or inspection."  Fed. R. Civ. P. 45(b)(2).

As discussed above, there are non-party witnesses both here and in the S.D.N.Y, but both Labrie and Love fail to persuasively explain why these witnesses are particularly important to this case.  Further, it is uncertain whether the Parties will need to subpoena witnesses or evidence.  Thus, this factor is neutral.  *See Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP*, 2010 WL 4121886, *6 (D. Nev. 2010).

### h.  Ease of Access to Sources of Proof

Both Parties acknowledge that the relevant documents in this case can be produced electronically.  This factor is neutral.

### 2.  *Other Factors*

Courts also look to other factors in determining whether a transfer is appropriate under § 1404(a) "in the interest of justice."  Such factors that we have not already considered above include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the unfairness of burdening citizens in an unrelated forum with jury duty.  *Gemini Capital Group, Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1094 (9th Cir. 1998).  Courts also consider judicial economy.  *See Modavox, Inc. v. AOL LLC*, 2009 WL 8548648, *6-7 (C.D. Cal. 2009).

### a.  Administrative difficulties flowing from court congestion

E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7793-GHK (JCGx) | Date | March 15, 2013 |
|---|---|---|---|
| Title | *Jessica Labrie v. Courtney Love Cobain* | | |

As both this district and the S.D.N.Y. are busy districts, this factor is neutral.  *See generally,* United States Courts, Federal Court Management Statistics, *available at* <http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics.aspx>.

### b.  Imposition of jury duty on a community that has no relation to the litigation

The community in this district has almost no interest in a suit between two non-residents that, as discussed above, has no substantial relationship with California.  The S.D.N.Y. at least has some interest in this litigation because Love is a resident of that district.  Thus, New York has an interest in holding Love responsible for her actions if this suit has merit and an interest in protecting Love from this suit if it does not.  Thus, this factor favors transfer.

### c.  Judicial Economy

Judicial economy strongly favors transfer.  As discussed above, venue does not lie over Plaintiff's claims in their present form.  At best, venue may lie in this district over a narrow subset of Plaintiff's claims – those arising from unpaid wages attributable solely to her two trips to Los Angeles ("California Claims").  Thus, if we were to dismiss this case, Plaintiff could initiate two suits: one in this district or in Los Angeles County Superior Court for her California Claims and another in the Southern District of New York for her remaining claims.  But "[l]ogic and experience dictate that litigating two cases in the same forum, whether or not they are ultimately consolidated, will generally entail less expense than litigating two separate cases in widely separated forums."  *Modavox, Inc.*, 2009 WL 8548648, *6 (citation and quotation marks omitted).  Thus, judicial economy strongly favors transfer to ensure that this suit is adjudicated in a single forum where venue is proper over all claims rather than piecemeal in multiple fora.  *See also Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").

### 3.  *Balancing of venue factors*

Overall, the balancing of all the factors discussed above indicates that transfer is appropriate in this matter.  The additional costs and inconvenience to Defendant to litigate this suit in California rather than New York favors transfer, particularly because neither fora is materially more convenient for Plaintiff.  Additionally, Plaintiff's choice of forum deserves little weight here.  Moreover, judicial economy favors transfer to ensure that Plaintiff's action against Defendant is adjudicated in a single forum where venue is proper over all possible claims. Finally, not one factor entitled to significant weight favors keeping the case here.  Thus, on balance, transfer to the S.D.N.Y is appropriate.

### III.  Conclusion

E-Filed – **JS-6**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7793-GHK (JCGx) | Date | March 15, 2013 |
|---|---|---|---|
| Title | *Jessica Labrie v. Courtney Love Cobain* | | |

      Having considered all the relevant factors, we conclude that transfer of this action is appropriate under 28 U.S.C. § 1404(a).  Accordingly, Defendant's Motion is hereby **GRANTED** to the extent it requests transfer of this action to the S.D.N.Y.  This case is hereby **TRANSFERRED** to the United States District Court for the Southern District of New York.  The clerk is directed to effect this transfer forthwith.  Defendant's Motion is **DENIED** as moot to the extent it seeks dismissal under Rule 12(b)(3) for improper venue.  We decline to rule on Defendant's Motion to the extent it seeks dismissal under Rule 12(b)(6) for failure to state a claim, but we reserve this aspect of the Motion for the transferee court to decide.

      **IT IS SO ORDERED.**

--  :  --

Initials of Deputy Clerk                 Bea
