USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 2 6 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Jessica Labrie,

        Plaintiff,

 -v-

Courtney Love Cobain,

        Defendant.
------------------------------------------------------------------------X

13 Civ. 01833 (AJN)

<u>ORDER</u>

ALISON J. NATHAN, District Judge:

 This action arises from the dissolution of Plaintiff Jessica Labrie's working relationship with Defendant Courtney Love Cobain. Plaintiff brings eight causes of action under California law, alleging: (1) failure to pay wages, (2) failure to pay overtime, (3) failure to reimburse reasonable business expenses, (4) breach of contract, (5)-(7) three counts of wrongful termination in violation of public policy, and (8) intentional infliction of emotional distress. Pending before the Court is Defendant's motion to dismiss counts one through three and five through eight. For the reasons that follow, the motion is GRANTED in part and DENIED in part.

## I. BACKGROUND

### A. Factual Allegations

 The following facts are taken from the Complaint and assumed to be true for purposes of deciding this motion.

 On or about June 14, 2010, Plaintiff was hired to be Defendant's Administrative Assistant and Forensic Research Aide. Compl. ¶ 12. In this capacity, Plaintiff conducted research, prepared reports, organized documents, and "provid[ed] assistance with [Defendant's]

1

everyday activities," as directed by Defendant and Defendant's California-based employees. Compl. ¶¶ 13-14, 48. Defendant agreed to pay Plaintiff $30 per hour, plus expenses and bonuses. Compl. ¶ 24.

During the time she worked for Defendant, Plaintiff resided in and performed most of her work from Canada. *See* Compl. ¶¶ 15-17. In January 2010 and May 2011, Plaintiff travelled to Los Angeles at Defendant's direction, for a total of approximately twenty days. *See* Compl. ¶¶ 15-21. While in California, Plaintiff "pick[ed] up work materials, including CD-ROMs and binders, from [Defendant's] business manager" and prepared Defendant's belongings for shipment to New York. Compl. ¶¶ 18, 22.

At some point during the time Plaintiff worked for Defendant, Defendant directed Plaintiff to "conduct activity Plaintiff reasonably believed was illegal," including "hir[ing] a computer hacker" and "send[ing] fake legal correspondence." Compl. ¶ 23. Plaintiff refused to do either. *Id.*

Plaintiff incurred various business expenses during the year she worked for Defendant, which Defendant failed to reimburse. *See* Compl. ¶¶ 26-27. Defendant also failed to pay Plaintiff certain wages owed, as well as overtime wages for work done in excess of forty hours in one week. Compl. ¶¶ 29-32. Plaintiff repeatedly communicated with Defendant regarding the compensation that she was owed and indicated that "she would be forced to resign if she was not paid her earned wages and incurred expenses." Compl. ¶¶ 31, 35, 38. On or about June 27, 2011, Plaintiff carried out this intention and resigned her position. Compl. ¶ 41. At the time of her resignation, Defendant owed Plaintiff more than $27,000 "in cumulative earned wages and incurred expenses." Compl. ¶ 43.

2

B. Procedural History

Plaintiff's Complaint was filed in California state court and removed to the Central District of California. Dkt. No. 1. The Complaint alleges eight causes of action, comprising: three California Labor Code claims for unpaid wages, overtime, and failure to reimburse business expenses; one claim for breach of contract; three claims for wrongful termination in violation of public policy; and one claim for intentional infliction of emotional distress. *See* Compl. ¶¶ 50-99.

In response, Defendant filed a motion to (1) transfer venue pursuant to 28 U.S.C. § 1404; (2) dismiss or transfer venue to the Southern District of New York, pursuant to Federal Rule of Civil Procedure 12(b)(3); and (3) dismiss all of Plaintiff's claims other than her claim for breach of contract. *See* Dkt. No. 12. Judge King of the Central District of California granted Defendant's motion to transfer venue to the Southern District of New York, pursuant to § 1404(a), and denied as moot Defendant's motion to dismiss or transfer. Dkt. No. 19. Judge King reserved decision on Defendant's motion to dismiss for failure to state a claim, which is presently before this Court. *See* Dkt. No. 19.

## II. LEGAL STANDARD

When deciding a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the truth of facts alleged in the complaint and "draw all reasonable inferences in favor of the plaintiff." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007) (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard is met

3

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and requires less than "probability" but "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III. DISCUSSION

Defendant argues that Plaintiff's wrongful discharge claims must be dismissed because none of the underlying conduct took place in California; that Plaintiff's employment claims (encompassing both so-called *Tameny* wrongful discharge claims and California Labor Code claims) must be dismissed because Plaintiff has failed to allege facts showing that she was an employee; that Plaintiff's employment claims are, furthermore, unconstitutional, because they violate the Foreign Commerce, Due Process, and Full Faith and Credit clauses of the Constitution; and that Plaintiff's intentional infliction of emotional distress claim must be dismissed for failure to plead that Defendant engaged in extreme and outrageous conduct. *See* Def. Br. 14-17. The Court addresses each of these arguments in turn.

### A. Extraterritoriality and Wrongful Discharge Claims

Plaintiff brings three claims pursuant to the California Supreme Court's decision in *Tameny v. Atlantic Richfield Company*, 610 P.2d 1330 (Cal. 1980). In *Tameny*, the California Supreme Court held that at-will employees can recover tort damages if they are "discharged in contravention of fundamental public policy." *Green v. Ralee Eng'g Co.*, 960 P.2d 1046, 1048 (Cal. 1998) (citing *Tameny*, 610 P.2d 1330). Defendant argues that Plaintiff's "*Tameny* claims fail because [Plaintiff] does not and cannot allege that her 'constructive discharge in violation of public policy' occurred while she was in California or that any actions (i.e., alleged violations of public policy) giving rise to her alleged constructive discharge happened during her two very

4

brief trips to Los Angeles," and "the California statutes underlying the claims cannot be applied extraterritorially." Def. Br. 14.

*1. Legal Standard*

In order to properly state a claim for wrongful termination under *Tameny*, a plaintiff "must show that the important public interests [she] seek[s] to protect are 'tethered to fundamental policies that are delineated in constitutional or statutory provisions.'" *Green*, 960 P.2d at 1048-49 (quoting *Gantt v. Sentry Ins.*, 824 P.2d 680, 688 (Cal. 1992)). *Cf. Jennings v. Marralle*, 876 P.2d 1074 (Cal. 1994) (holding that the plaintiff could not maintain a *Tameny* claim where her employer was exempt from the underlying statute). A plaintiff may state a *Tameny* claim by alleging that her "employer retaliate[d] against [her] for refusing to violate a statute, performing a statutory obligation, exercising a statutory right, or reporting an alleged violation of a statute of public importance." *Gould v. Maryland Sound Indus., Inc.*, 37 Cal. Rptr. 2d 718, 723 (Cal. Ct. App. 1995).

*2. California Labor Code §§ 201 et seq., 2802*

Plaintiff's first *Tameny* claim alleges that she was constructively terminated for "her refusal to submit to unlawful acts, including expressing her complaints about her unpaid wages and unreimbursed business expenses," in violation of the fundamental public policy set forth in the California Labor Code, and particularly its wage and hour and business expense reimbursement provisions, *i.e.* Cal. Labor Code §§ 201 *et seq.*, 2802. *See* Compl. ¶¶ 76-82. Defendant, however, argues that this claim fails as a matter of law because the "California statutes underlying those claims cannot be applied extraterritorially" and "[Plaintiff] has alleged no facts indicating any nexus between California and her alleged wrongful termination." Def. Br. 14-15.

5

California statutes presumptively have no extraterritorial effect. *N. Alaska Salmon Co. v. Pillsbury*, 162 P. 93, 94 (Cal. 1916). This presumption against extraterritoriality is overcome only if "such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject-matter, or history." *Id.* (internal citations and quotation marks omitted); *accord. Sarviss v. Gen. Dynamics Info. Tech., Inc.*, 663 F. Supp. 2d 883, 897 (C.D. Cal. 2009). The Workers Compensation provisions of the California Labor Code, for example, explicitly apply to "an employee who has been hired or is regularly working in [California]" and is injured "by accident arising out of and in the course of employment outside of [California]." Cal. Labor Code § 3600.5(a); *see also Tidewater Marine W., Inc. v. Bradshaw*, 927 P.2d 296, 308-09 (Cal. 1996). The California Supreme Court has not yet reached the precise question of whether the California Labor Code applies to work done by non-residents outside of California, *see Tidewater*, 927 P.2d at 309 (declining to reach the question of whether wage orders issued by an administrative body governed by the California Labor Code apply to employees "who work primarily outside California's state law boundaries because the Court of Appeal did not address that question"), but the courts that have considered the question have concluded that it does not, *see Campagna v. Language Line Servs., Inc.*, No. 08-cv-02488 (EJD), 2012 WL 1565229, at *4 (N.D. Cal. May 2, 2012) (finding that § 2802 did not apply to "nonresidents who work from their homes outside California"); *Sarviss*, 663 F. Supp. 2d at 899-901 (finding that wage orders issued under California Labor Code did not apply to California resident's employment, when "the vast majority of [that] employment [was spent] working *outside* of California"); *Priyanto v. M/S AMSTERDAM*, No. CV 07-3811 AHM, 2009 WL 175739, at *6-8 (C.D. Cal. Jan. 23, 2009) (finding that California wage and hour laws did not apply to work by non-residents who worked outside California); *Guy v. IASCO*, No. B168339, 2004 WL 1354300, at *4-5 (Cal. Ct. App. June

6

17, 2004) (unpub.) (finding that wage orders issued under the California Labor Code did not apply to California residents who performed the vast majority of their work outside of California).

The Court agrees with this persuasive authority and finds that the sections of the California Labor Code at issue here have no extraterritorial application. Neither the text of the Labor Code provisions nor their purpose rebuts the presumption against extraterritoriality in this case. Unlike the Workers Compensation provisions discussed in *Tidewater*, these sections contain no express language rebutting the presumption against extraterritorial application. *See* Cal. Labor Code §§ 201 *et seq.*, 2802 (containing no express language providing for extraterritorial application); *see also Sarviss*, 663 F. Supp. 2d at 898-99. Nor does the underlying purpose of the law—which is "to ensure Californians are fairly compensated for their work"—support extraterritorial application in this case, as Plaintiff is not alleged to have been a resident of California and performed less than 4% of her work there. *Campagna*, 2012 WL 1565229, at *4. *Cf. Sarviss*, 663 F. Supp. 2d at 899-900 (finding that the presumption against extraterritoriality was unrebutted, in spite of the state's "interest in the working conditions of its residents," which "is perhaps weaker where the individual neither 'works exclusively, [nor] principally, in California'") (alteration in original) (quoting *Tidewater*, 927 P.2d at 309). Accordingly, the Court finds the presumption against extraterritoriality is unrebutted.

Plaintiff's Complaint states that she is not and has never been a resident of California, and that she spent only twenty days in California during the time she worked for Defendant, in January 2010 and May 2011. *See* Compl. ¶¶ 12, 15-21, 41. As the transferor court observed, "[Plaintiff's] trips to Los Angeles account for only about four percent of the days she worked" for Defendant. Dkt. No. 19, at 2. Plaintiff, moreover, does not allege that she "express[ed] her

7

complaints about her unpaid wages and unreimbursed business expenses" or was constructively terminated during the time that she spent in California. *See* Compl. ¶¶ 31, 35, 38, 41. To the contrary, Plaintiff alleges that her constructive termination—upon which her *Tameny* claim for wrongful termination is based—occurred on June 27, 2011, and *not* during the January 2010 or May 2011 trips to California. *See* Compl. ¶¶ 17, 21, 41. In other words, none of the allegedly unlawful conduct underlying her *Tameny* claim took place in California. *Cf. Rulenz v. Ford Motor Co.*, No. 10cv1791, 2013 WL 2181241, at *4-5 (S.D. Cal. May 20, 2013) (striking claim for wrongful termination in violation of California statute where plaintiff was terminated in Nevada, notwithstanding that Plaintiff alleged one wrongful act occurring in California); *Tidenberg v. Bidz.com, Inc.*, No. CV-08-5553, 2009 WL 605249, at *4-5 (C.D. Cal. March 4, 2009) (refusing to apply California statute where presumption against extraterritoriality was unrebutted and the alleged unlawful conduct did not occur in California). Having pleaded no facts indicating that the conduct underlying her claim for wrongful termination took place in California, Plaintiff cannot show that she was terminated in retaliation for asserting her rights under the California Labor Code. Plaintiff has therefore failed to state a claim for wrongful termination in violation of the public policy set forth in California Labor Code §§ 201 *et seq.* and 2802 as a matter of law.

### 3. *California Penal Code § 502* et seq.

Plaintiff's Sixth Cause of Action alleges that she was constructively terminated for refusing to hire a computer hacker, in violation of the public policy set forth in California Penal Code § 502 *et. seq.* However, Plaintiff has pleaded no facts indicating that this conduct occurred in California, *see* Compl. ¶ 43, and these statutes contain no language rebutting the presumption against extraterritoriality, *see* Cal. Penal Code § 502. Indeed, Plaintiff makes no arguments in

8

opposition to Defendant's argument that this cause of action must be dismissed. *See* Pl. Opp. 14. Accordingly, Defendant's motion to dismiss is granted with respect to this claim.

*4. California Penal Code §§ 470, 484, and California Civil Code §§ 1573, 1710*

The statutes underlying the plaintiff's seventh claim, alleging that she was constructively terminated for her refusal to send fake legal correspondence, likewise contain no language rebutting the presumption against extraterritorial application. *See* Cal. Penal Code §§ 470, 484; Cal. Civ. Code §§ 1572, 1710. And Plaintiff has again failed to allege that any conduct underlying this cause of action occurred in California, or make any arguments opposing Defendant's motion to dismiss this cause of action. *See* Pl. Opp. 14. This cause of action is accordingly dismissed as well.

B. Employee or Independent Contractor

Defendant additionally argues that *all* of Plaintiff's six employment claims—which include three California Labor Code claims for (1) failure to pay wages in violation of Cal. Labor Code § 201 *et seq.*, (2) failure to pay overtime in violation of Cal. Labor Code §510, and (3) failure to pay reasonable business expenses in violation of Cal. Labor Code § 2802, in addition to the three *Tameny* wrongful discharge claims previously dismissed—must be dismissed because Plaintiff has failed to "allege facts indicating that she was an employee (rather than an independent contractor) and that Love was her employer." Def. Br. 15.

Whether an individual is an employee or independent contractor for purposes of the California Labor Code and wrongful discharge claims brought under *Tameny* depends on "the degree of control the purported employer has a right to exercise over that person." *Randolph v. Budget Rent-A-Car*, 97 F.3d 319, 325 (9th Cir. 1996) (citing *Burlingham v. Gray*, 137 P.2d 9, 15

9

(Cal. 1943) (en banc)). When making this determination, courts may consider a number of factors, including:

> (1) whether the worker is engaged in a distinct occupation or business, (2) whether, considering the kind of occupation and locality, the work is usually done under the principal's direction or by a specialist without supervision, (3) the skill required, (4) whether the principal or worker supplies the instrumentalities, tools, and place of work, (5) the length of time for which the services are to be performed, (6) the method of payment, whether by time or by job, (7) whether the work is part of the principal's regular business, and (8) whether the parties believe they are creating an employer-employee relationship.

*Estrada v. FedEx Ground Package Sys., Inc.*, 64 Cal. Rptr. 3d 327, 335 (Cal. Ct. App. 2007) (internal citations omitted). The right to discharge at will, without cause, also constitutes "[s]trong evidence in support of an employment relationship." *S.G. Borello & Sons, Inc. v. Dep't of Industrial Relations*, 769 P.2d 399, 404 (Cal. 1989) (quoting *Tieberg v. Unemployment Ins. Appeals Bd.*, 471 P.2d 975, 979 (Cal. 1970)). "Generally, . . . the individual factors cannot be applied mechanically as separate tests; they are intertwined and their weight depends often on particular combinations." *Borello*, 769 P.2d at 404 (quoting *Germann v. Workers' Comp. Appeals Bd.*, 176 Cal. Rptr. 868, 871 (Cal. Ct. App. 1981)).

Construing her allegations liberally and considering the factors set forth in *Estrada*, the Court finds that the Complaint plausibly states that Plaintiff was an employee of Defendant. In addition to Plaintiff's conclusory allegation that Defendant "employed [her] as an Administrative Assistant and Forensic Research Aide," which is not on its own sufficient to survive a motion to dismiss, Plaintiff pleads that Defendant directed her in all her assignments, which included "conducting research, preparing written reports, creating document organizational systems, and providing assistance with [Defendant's] everyday activities," as well as physically transporting "work materials, including insurance CD-ROMS and binders," "assist[ing] in the supervision of movers," and "sort[ing] through [Defendant's] financial documents" to locate certain specified

10

documents. Compl. ¶¶ 14-23. The relatively unskilled nature of this work, the level of direction, and the allegation that Plaintiff was paid for her work by the hour, Compl. ¶ 24, are, in aggregate, sufficient to plead that Plaintiff was an "employee." Accordingly, Defendant's motion to dismiss Plaintiff's employment claims on this ground is denied.

### C. Constitutional Questions

Defendant further argues that all six employment claims—including the three California Labor Code claims for (1) failure to pay wages in violation of Cal. Labor Code § 201, (2) failure to pay overtime in violation of Cal. Labor Code §510, and (3) failure to pay reasonable business expenses in violation of Cal. Labor Code § 2802, as well as the three previously dismissed wrongful discharge claims—must be dismissed because "appl[ication] of California employment law to alleged services that were rendered almost exclusively outside this country [would] run afoul of various federal Constitutional provisions." Def. Br. 16. In particular, Defendant asserts that the employment claims violate the Foreign Commerce Clause, the Due Process Clause, and the Full Faith and Credit Clause. Def. Br. 16.

The briefing on these issues is insufficient, as the bulk of each brief is focused upon the previously resolved motion to transfer. *Compare* Def. Br. 1-12 (arguing that the case should be transferred to the Southern District of New York), *with* Def. Br. 16-17 (arguing that Plaintiff's employment claims violate the Foreign Commerce Clause, the Due Process Clause, and the Full Faith and Credit Clause). The Court accordingly denies Defendant's motion to dismiss Plaintiff's remaining employment claims, *i.e.* her claims for unpaid wages, overtime, and unreimbursed business expenses under the California Labor Code, on these constitutional grounds, without prejudice to refiling, as set forth more fully in the Conclusion below.

11

D. Intentional Infliction of Emotional Distress

Defendant also seeks dismissal of Plaintiff's claim for intentional infliction for emotional distress (IIED). According to Defendant, this claim must be dismissed because Plaintiff "does not and cannot allege any facts that Love 'engaged in extreme and outrageous conduct.'" Def. Br. 17 (quoting *Braunling v. Countrywide Home Loans, Inc.*, 220 F.3d 1154, 1158 (9th Cir. 2000)).

The Court agrees. In order to state a claim for IIED, a plaintiff must show: (1) the defendant engaged in outrageous conduct "so extreme as to exceed all bounds of that usually tolerated in a civilized society;" (2) the defendant intended to cause or was reckless to the probability of causing the plaintiff emotional distress; (3) the plaintiff suffered "severe or extreme emotional distress;" and (4) the actual and proximate cause of that distress was defendant's conduct. *Trerice v. Blue Cross of Cal.*, 257 Cal. Rptr. 338, 340 (citing *Fletcher v. W. Nat'l Life Ins. Co.*, 89 Cal. Rptr 78, 88 (Cal. Ct. App. 1970); *Fowler v. Varian Assocs, Inc.*, 241 Cal. Rptr. 539, 545 (Cal. Ct. App. 1987)). The conduct that Defendant is alleged to have engaged in, however, is "constructive[ly] terminat[ing]" Plaintiff. *See* Compl. ¶¶ 41, 99; Pl. Opp. 18. Terminating an employee "is not outrageous conduct beyond the bounds of human decency" as a matter of law. *Janken v. GM Hughes Elecs.*, 53 Cal. Rptr. 2d 741, 756 (Cal. Ct. App. 1996); *see also Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177, 1190 (C.D. Cal. 2002) ("Terminating an employee for improper or discriminatory reasons, like many other adverse personnel management decisions, is insufficiently extreme or outrageous to give rise to a claim for intentional infliction of emotional distress.") (internal citation omitted). Having thus failed to plead the outrageous conduct element, Plaintiff's claim for IIED must be dismissed.

12

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's fifth, sixth, seventh, and eighth causes of action are hereby DISMISSED. This resolves Dkt. No. 5.

Given the paucity of briefing by both sides on the remaining issues raised, Defendant is further granted leave to file a renewed motion to dismiss on the ground that Plaintiff's three California Labor Code claims violate the Foreign Commerce Clause, the Due Process Clause, and the Full Faith and Credit Clause of the Constitution. *See supra* § 3.C. If Defendant chooses to do so, she must file that motion within two weeks of the date of this order. Plaintiff's opposition, if any, shall be due two weeks thereafter, and Defendant's reply, if any, shall be due one week after Plaintiff's opposition.

An initial pretrial conference in this matter is hereby set for **May 2, 2014**, at **10:00 am**. Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Fed. R. Civ. P. 16 conference. Additionally, in accordance with the Court's Individual Rules, the parties are hereby ORDERED to ECF file a Proposed Civil Case Management Plan and Scheduling Order **no later than seven days prior to the Initial Pretrial Conference**.

SO ORDERED.

Dated: March 26, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge

13