UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                                                                 :

Jessica Labrie,

                          Plaintiff,

            v.

Courtney Love Cobain,

                          Defendant.
-------------------------------------------------------------- X

13- Civ. 01833 (AJN)


## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER RENEWED MOTION TO DISMISS THE FIRST, SECOND AND THIRD CAUSES OF ACTION IN THE FIRST AMENDED COMPLAINT

Roger A. Raimond
Michael A. Eisenberg
ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
875 Third Avenue, 9th Floor
New York, New York 10022
*Attorneys for Defendant*

{00670179.DOC;1 }

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ....................................................Error! Bookmark not defined.

**BACKGROUND AND PROCEDURAL HISTORY** ............................................................... 1

**PRELIMINARY STATEMENT** ................................................................................................ 2

**SUMMARY OF FACTS** ............................................................................................................. 2

**LEGAL STANDARD** ................................................................................................................. 3

**LEGAL ARGUMENT** ................................................................................................................. 4

    **POINT I  THE EMPLOYMENT CLAIMS VIOLATE THE DUE PROCESS AND FULL FAITH AND CREDIT CLAUSES OF THE U.S. CONSTITUTION** .......................................................................... 4

    **POINT II THE EMPLOYMENT CLAIMS VIOLATE THE COMMERCE CLAUSE OF THE U.S. CONSTITUTION** ........................................................... 8

    **POINT III  THE SECTIONS OF THE CALIFORNIA LABOR CODES AT ISSUE DO NOT HAVE EXTRATERRITORIAL APPLICATION** .............. 9

    **CONCLUSION** ....................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Allstate Ins. Co. v. Hague*,
    449 U.S. 302 (1981)..............................................................................................................4

*Anschutz Corp. v. Merrill Lynch & Co.*,
    690 F.3d 98 (2d Cir. 2012)..................................................................................................10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................................3

*Campagna v. Language Line Servs.*,
    2012 U.S. Dist. LEXIS 61591 (N.D. Cal. May 2, 2012) .........................................................10

*Campbell v. Arco Marine, Inc.*,
    42 Cal. App. 4th 1850 (Cal. App. 2d Dist. 1996) ...................................................................8

*Goldman v. Belden*,
    754 F.2d 1059 (2d Cir. 1985)................................................................................................3

*Hunt v. Enzo Biochem, Inc.*,
    530 F. Supp. 2d 580 (S.D.N.Y. 2008)....................................................................................3

*Leeds v. Meltz*,
    85 F.3d 51 (2d Cir. 1996) .................................................................................................3, 6

*McCluney v. Jos. Schlitz Brewing Co.*,
    649 F.2d 578 (8th Cir. 1981) ................................................................................................7

*Mitchell v. Abercrombie*,
    2005 U.S. Dist. LEXIS 48410 (S.D. Ohio May 17, 2005) ......................................................9

*N. Alaska Salmon Co. v. Pillsbury*,
    162 P. 96 (Cal. 1916) .........................................................................................................10

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985)..........................................................................................................4, 7

*Pike v. Bruce Church, Inc.*
    397 U.S. 137 (1970)..........................................................................................................8, 9

*Priyanto v. M/S AMSTERDAM*,
    2009 WL 175739 (C.D. Cal. Jan 23, 2009) .........................................................................10

*S. Pac. Co. v. Arizona*,
    325 U.S. 761 (1945) ..................................................................................................8

*Sarviss v. Gen. Dynamics Info. Tech., Inc.*,
    663 F. Supp. 2d 883 (C.D. Cal. 2009) .....................................................................10

*South-Central Timber Dev., Inc. v. Wunnicke*,
    467 U.S. 82 (1984) ....................................................................................................9

*Sullivan v. Oracle Corp.*,
    662 F.3d 1265 (9th Cir. 2011) ..................................................................................5

*Travelers Indem. Co. v. Sarkisian*,
    794 F.2d 754 (2d Cir. 1986) .....................................................................................4

*Wright v. Adventures Rolling Cross Country, Inc.*,
    2012 U.S. Dist. LEXIS 104378 (N.D. Cal. May 3, 2012) ......................................11

**STATUTES**

California Labor Code §201 ...........................................................................2, 9, 10, 11

California Labor Code §510 .........................................................................................2

California Labor Code §2802 ..................................................................................2, 10

**CONSTITUTIONS**

U.S. Const. Amend. XIV .............................................................................................4

U.S. Const. Art. IV, § 1 ................................................................................................4

U.S. Const. Art. I, Sec. 8, Clause 3 ..............................................................................8

Defendant Courtney Love Cobain ("Cobain") by her attorneys, Robinson Brog Leinwand Greene Genovese and Gluck P.C., submits this Memorandum of Law in support of her motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the First, Second and Third Causes of Action in Plaintiff Jessica Labrie's ("Labrie") First Amended Complaint dated October 9, 2012 (the "Amended Complaint").

## BACKGROUND AND PROCEDURAL HISTORY

Labrie commenced this action on or about July 12, 2012, in Superior Court of California, Los Angeles County alleging eleven causes of action stemming from her employment relationship with Cobain as an administrative assistant and forensic research aide. The case was removed to the U.S. District Court for the Central District of California, and on October 9, 2012 Labrie amended her complaint, alleging eight causes of action. (Dkt. 7; Accompanying Declaration of Michael A. Eisenberg dated April 9, 2014 ("Eisenberg Declaration"), Exhibit A). Cobain moved to dismiss and/or transfer the action to the Southern District of New York. (Dkt. 12). The motion to transfer was granted by order dated March 15, 2013 (Dkt. 19; Eisenberg Declaration, Exhibit B) (the "California Order"), and this Court issued an order dated March 26, 2014 granting in part and denying in part Cobain's motion to dismiss counts one through three and five through eight of the Amended Complaint.[1] (Dkt. 36; Eisenberg Declaration, Exhibit C) (the "Dismissal Order"). The Dismissal Order dismissed counts five through eight of the Amended Complaint, and granted Cobain leave to renew her motion on Constitutional grounds as to counts one through three of the Amended Complaint.

---

[1] Cobain did not move to dismiss the fourth cause of action for breach of contract.

1

**PRELIMINARY STATEMENT**

Labrie worked from her home in Canada as an administrative assistant and research aide for Cobain from June 2010 to June 2011. During that year, Labrie spent a total of 16 days in Los Angeles, California, inventorying materials and supervising movers that were transporting Cobain's work material to New York (Amended Complaint Paras. 18, 19, 20, 21). Labrie's first three causes of action attempt to invoke the protections afforded California residents for wages, overtime and reimbursement of expenses under the California Labor Law for the one year span of her employment. The application of the California employment laws for alleged services rendered almost exclusively outside the country violates the Due Process Clause, Full Faith and Credit Clause and Foreign Commerce Clause of the U.S. Constitution.

Labrie's California Labor Law claims violate the Due Process Clause and Full Faith and Credit Clause, the Foreign Commerce Clause of the Constitution, because: (i) Labrie was a resident of Canada during the entire course of her employment, (ii) substantially all of the work she performed was in Canada, and (iii) Cobain was a resident of the State of New York for the relevant period. Moreover, the provisions of the California Labor Code at issue are not applicable to work performed outside of California because they do not have extraterritorial application. Therefore, these three causes of action must be dismissed.

**SUMMARY OF FACTS[2]**

Cobain challenges the remaining employment claims which seek relief under multiple sections of the California Labor Code for unpaid wages (§201 - Count One), unpaid overtime (§510 - Count Two), and reimbursement for reasonable business expenses (§2802 -Count Three) (collectively, the "Employment Claims"). However, as Labrie plead in the Amended Complaint,

---

[2] In the interests of brevity, Cobain assumes the Court's familiarity with the facts set forth in the prior motion and will therefore only repeat such facts as are relevant to the renewed motion.

she is and has been at all relevant times a resident of Vancouver, British Columbia, Canada. Amended Complaint, ¶1.  Cobain is and has at all relevant times been a resident of the State of New York.  See Declaration of Courtney Love Cobain executed November 12, 2012, annexed to the prior motion to dismiss (the "Cobain Declaration").  It is undisputed that Labrie worked for a mere 16 days in California (California Order, p2) and that this was the only work Cobain requested that she perform in California.  Amended Complaint, ¶16.  Labrie alleges she worked for Cobain from on or about June 14, 2010 until on or about June 27, 2011 (379 days), thus only about 4% of the work she performed for Cobain occurred in California.  Amended Complaint, ¶41.

## LEGAL STANDARD

When deciding the sufficiency of a complaint that is subject to a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court must "accept as true all of the factual allegations contained in the complaint" and "draw all reasonable inferences in plaintiff's favor." *Hunt v. Enzo Biochem, Inc.*, 530 F. Supp. 2d 580, 591 (S.D.N.Y. 2008) (citations omitted).  A complaint must contain sufficient factual matter, which if accepted as true, will "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  While for the purposes of a motion to dismiss the Court must take all of the factual allegations in the complaint as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Id.* at 678.  A court's function at this stage of the litigation "is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient. *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).  A plaintiff's "bald assertions and conclusions of law will not suffice" to defeat a motion to dismiss. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996) (citations omitted).

**LEGAL ARGUMENT**

**POINT I**

**THE EMPLOYMENT CLAIMS VIOLATE THE DUE PROCESS AND
FULL FAITH AND CREDIT CLAUSES OF THE U.S. CONSTITUTION**

Labrie's Employment Claims are predicated on California Labor Laws for all of the work she alleges she performed for Cobain, notwithstanding that Labrie is not a resident of California, that Cobain is not a resident of California, and that only a *de minimis* portion of the work she performed occurred in California.[3]  The United States Supreme Court has held that to accord with Constitutional protections of due process and full faith and credit of each state's laws, that "for a State's substantive law to be selected in a constitutionally permissible manner, that State must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair."  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818 (1985) (*quoting Allstate Ins. Co. v. Hague*, 449 U.S. 302, 314 (1981)). "In order to ensure that the choice of law is neither arbitrary nor fundamentally unfair…the Court has invalidated the choice of law of a State which has had no significant contact or significant aggregation of contacts, creating state interests, with the parties and the occurrence or transaction." *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 308 (1981); *see also Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 762 (2d Cir. 1986) ("[the Court] may not apply the law of a jurisdiction lacking a significant relation to the litigation").

The Due Process Clause, U.S. Const. Amend. XIV, prohibits the application of substantive law which is only casually or slightly related to the litigation, and the Full Faith and Credit Clause, U.S. Const., Art. IV, § 1, requires the forum state to respect the laws and judgments of other States, subject to the forum's own interests in furthering its public policy. *Phillips Petroleum Co.*, 472 U.S.

---

[3] The Amended Complaint does not specifically plead that Cobain failed to pay overtime wages for work performed in California, or that Labrie performed sufficient work in California to qualify for overtime.

at 819.  Courts apply the same "significant contact test" under the Due Process Clause and the Full Faith and Credit Clause to determine the appropriateness of the application of a given state's laws. *See, e.g., Sullivan v. Oracle Corp.*, 662 F.3d 1265, 1270-1271 (9th Cir. 2011).

The facts present here demonstrate a distinct lack of any "significant contact or significant aggregation of contacts" with California that would implicate the state's interests in this litigation, and as such it would be unconstitutional to afford the protections of the specified California labor statutes to nonresident Labrie, or to assert that nonresident Cobain is subject to them.  In considering the challenge to venue, Judge George H. King, Chief Judge of the U.S. District Court for the Central District of California, made findings of fact and law in the California Order, which directly address whether "significant contact or significant aggregation of contacts" implicating California interests exist in this action.  Judge King held that:

- Labrie worked only 16 of 379 days in California, and that Labrie "fail[ed] to explain how the unpaid wages for her work here constitute a *substantial* part of the total unpaid wages she claims" (California Order, p2);

- "there are no allegations or evidence that negotiations took place or the contract was signed in [California]" (*Id.*);

- "the alleged breach appears to have occurred in [New York], where [Cobain] resides" (*Id.* at p3);

- "[Cobain] was a resident of [California] until 2009, when she moved to New York.  But [Cobain did not hire Labrie until 2010.  [Cobain's] prior residence is therefore not relevant." (*Id.* at p4);

- Labrie failed to explain how Cobain's business associates in California are "key" to the litigation, and that apparently only nonresidents Labrie and Cobain are key witnesses (*Id.*);

- "significant extraterritoriality and choice of law issues that this case appears to present may very well prevent the application of California law in this action." (*Id.* at p7);

- "Plaintiff is a Canadian resident who has no connection to this forum other than two brief trips and her counsel." (*Id.*);

- "Labrie has failed to show that her claims have substantial contact with this forum." (*Id.* at p8); and

- "The community in this district has almost no interest in a suit between two non-residents that…has no substantial relationship with California." (*Id.* at p9);

Clearly, as the parties, alleged injuries, and events relevant to this action all occurred outside of California, Judge King's decision indicates that California did not have an interest in this litigation.

The only nexus with California appears to be the score of days Labrie worked there (for which period she failed to plead nonpayment of overtime wages), and that Cobain has business associates who reside there. The 16 days Labrie worked in California is plainly insufficient to raise California's interest in the nonresident parties present here, or with the 363 days of work Labrie performed outside the boundaries of California, and the United States. That Labrie styles the work she performed in California as "significant" (Amended Cmplt., ¶45) is of no moment, since a plaintiff's "bald assertions and conclusions of law will not suffice" to defeat a motion to dismiss. *Leeds v. Meltz*, *supra,* 85 F.3d at 53. Cobain ceased being a California resident in 2009, prior to the events at issue in this litigation.

In a desperate attempt at seizing on any possible connection with California, Labrie alleges that Cobain has "maintained significant business contacts" with individuals that reside and work in California, specifically her managers and executive assistant. Amended Cmplt., ¶¶46-48. This clearly is not grounds for the application of California Labor law to Labrie's employment with Cobain. That a nonresident of the state employs an interior decorator and a manager in California does not create an interest for the State of California in applying its wage and overtime laws in favor of a Canadian resident and against a New York resident. Moreover, despite the conclusory allegation that Cobain is "an individual doing business in the State of California" (Amended Cmplt., ¶2), Labrie has offered no facts which could support such a statement.

In *McCluney v. Jos. Schlitz Brewing Co.*, 649 F.2d 578 (8th Cir. 1981), the Court of Appeals for the Eighth Circuit identified four cases, as illustrative examples, in which the Supreme Court found sufficient contacts to permit extraterritorial application of a state's law:

> (1) When an employment contract was executed in California for work to be performed outstate and the employer, who was doing business in California, agreed to transport the worker outstate and bring him back again when the work was finished, California law was properly applied to a suit arising out of the employment relationship. *See Alaska Packers Ass'n v. Industrial Acc. Comm'n*, 294 U.S. 532, 55 S. Ct. 518, 79 L. Ed. 1044 (1935).
>
> (2) When a District of Columbia company employed a D.C. resident to work in Virginia for a time certain, and when the employee commuted from his home to work and was classified by the company as an employee who performed electrical construction work in the District and its surrounding areas, the law of the District was properly applied to a dispute arising out of an accident that occurred in Virginia. *See Cardillo v. Liberty Mutual Ins. Co.*, 330 U.S. 469, 67 S. Ct. 801, 91 L. Ed. 1028 (1947).
>
> (3) When an insurance policy that was issued in Illinois guaranteeing nationwide coverage was coupled with property loss in Florida, the presence of the insurance company in Florida, and the plaintiff's residence in Florida, application of Florida law was permissible in a suit on the insurance contract. *See Clay v. Sun Ins. Office, Ltd.,* supra, 377 U.S. 179, 84 S. Ct. 1197, 12 L. Ed. 2d 229.
>
> (4) When a Wisconsin resident commuting to work in Minnesota on a daily basis was injured in a highway accident in Wisconsin, and when he later moved to Minnesota, Minnesota law was properly applied to a suit against an insurance company, present and doing business in Minnesota. *See Allstate Ins. Co. v. Hague, supra*, 101 S. Ct. 633.

*McCluney v. Jos. Schlitz Brewing Co.*, 649 F.2d at 581-82. Each of these cases makes clear that a state's interest is implicated only where significant contacts or a significant aggregation of contacts with the parties or events alleged is present. The present case contrasts starkly with the above cases. No such significant aggregation of contacts is present in this case. Without question, California is only "casually or slightly related to the litigation" such that application of its remedial statutes to a New York defendant employing a Canadian resident for work performed almost entirely in Canada

7

would be "arbitrary and fundamentally unfair."  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818-19 (1985).

## POINT II

### THE EMPLOYMENT CLAIMS VIOLATE THE COMMERCE CLAUSE OF THE U.S. CONSTITUTION

The Commerce Clause of the Constitution, Art. 1, Sec. 8, Clause 3, provides in pertinent part that "Congress shall have power…to regulate Commerce with foreign Nations, and among the several States…"  Labrie seeks to have the labor statutes of California govern the terms of her employment outside the state, as well as outside the country.  As California courts have noted, this raises serious constitutional concerns implicating the Commerce Clause.  "The Commerce Clause…precludes the application of a state statute to commerce that takes place wholly outside of the State's borders, whether or not the commerce has effects within the State."  *Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th 1850, 1858 (Cal. App. 2d Dist. 1996) (citing *Edgar v. MITE Corp.*, 457 U.S. 624, 642-643 (1982)).[4]  The Supreme Court has struck down on Commerce Clause grounds a state law where the "practical effect of such regulation is to control [conduct] beyond the boundaries of the state."  *S. Pac. Co. v. Arizona*, 325 U.S. 761, 775 (1945).

Challenges to state statutes under the Commerce Clause are typically addressed under the test set out in *Pike v. Bruce Church, Inc*. 397 U.S. 137 (1970).  "Where the statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits."  *Id*. at 142.  As neither California or its citizens realize any

---

[4] The *Campbell* court also noted the other constitutional issues raised by Cobain here. "Both the due process clause and full faith and credit clause are implicated when a state seeks to impose its laws where there are no significant contacts or aggregation of contacts creating state interests." *Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th 1850, 1858 (Cal. App. 2d Dist. 1996).

8

benefit at all from the exercise of California labor laws on nonresidents for work performed outside the state's borders, any imposition whatsoever on commerce is unconstitutionally burdensome. "States are even more limited in their ability to legislate in areas that affect foreign commerce. 'It is a well-accepted rule that state restrictions burdening foreign commerce are subjected to a more rigorous and searching scrutiny.'" *Mitchell v. Abercrombie*, 2005 U.S. Dist. LEXIS 48410, 10 (S.D. Ohio May 17, 2005)(citations omitted).

The facts in *Mitchell v. Abercrombie*, *supra*, are apposite here. In *Mitchell*, the plaintiff was an employee of an Ohio corporation who resided and worked in Pennsylvania. Plaintiff sued his employer under Ohio labor laws similar to those at issue here, alleging unpaid wages and overtime. Following a discussion of the limits of extraterritorial application of state law and the Commerce Clause in general, the court applied the *Pike* test, and held that the application of Ohio's wage laws to a nonresident for work performed outside the state was prohibited by the Commerce Clause.

Here, Labrie is a nonresident who worked not merely in another state, but in another country. "It is a well-accepted rule that state restrictions burdening foreign commerce are subjected to a more rigorous and searching scrutiny." *South-Central Timber Dev., Inc. v. Wunnicke*, 467 U.S. 82, 100 (1984). Thus, Labrie's California labor claims are dismissible under the Commerce Clause for seeking to supersede the laws of Canada.

## POINT III

### THE SECTIONS OF THE CALIFORNIA LABOR CODES AT ISSUE DO NOT HAVE EXTRATERRITORIAL APPLICATION

Assuming *arguendo* that the Court finds that application of the California Labor Code to Labrie's Employment Claims does not offend the Constitution, the Court should nevertheless hold that the California Labor Code sections upon which Labrie is proceeding are inapplicable to

Labrie's claims because, as this Court recognized in dismissing Labrie's *Tameny* claims, these provisions have no extraterritorial effect.

"California courts have long acknowledged a general presumption against the extraterritorial applications of state laws." *Campagna v. Language Line Servs.*, 2012 U.S. Dist. LEXIS 61591, 10 (N.D. Cal. May 2, 2012); *N. Alaska Salmon Co. v. Pillsbury*, 162 P. 96, 94 (Cal. 1916).  As this Court recognized and found persuasive in its Dismissal Order, while the "California Supreme Court has not yet reached the precise question of whether the California Labor Code applies to work done by non-residents outside of California, …the courts that have considered the question have concluded that it does not." (citing to *Campagna, v. Language Line Servs.*, Inc. 2012 WL 1565229 (N.D. Cal. May 2, 2012); *Sarviss v. Gen. Dynamics Info. Tech., Inc.*, 663 F. Supp. 2d 883 (C.D. Cal. 2009); *Priyanto v. M/S AMSTERDAM*, 2009 WL 175739 (C.D. Cal. Jan 23, 2009); Guy v. IASCO, 2004 WL 1354300 (Cal. Ct. App. June 17, 2004). *See* Dismissal Order at p. 6-7.

The purpose of California overtime and expense indemnification laws, "to ensure Californians are fairly compensated for their work," is not served by applying them to Labrie, who is not a Californian. *Campagna v. Language Line Servs.*, 2012 U.S. Dist. LEXIS 61591, 11 (N.D. Cal. May 2, 2012) ("None of the cases read California wage and hour laws to cover out-of-state work performed by nonresidents who primarily work outside California…Requiring an employer to indemnify nonresidents who work from their homes outside California for home office expenses is not within the scope of § 2802.").  The Court of Appeals for the Second Circuit has recognized and adopted the California courts' presumption against extraterritorial application of its laws "with respect to occurrences outside the state… unless such intention is clearly expressed or reasonably to be inferred 'from the language of the act or from its purpose, subject matter or history.'" *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 111 (2d Cir. 2012) (internal citations omitted).  Since (i)

Labrie is not a California resident, (ii) Cobain is not a California employer, (iii) substantially all of the work was performed outside California, and (iv) the California labor laws at issue do not explicitly or implicitly indicate that they be applied outside the state, the Court should refuse to apply them extraterritorially, and dismiss the Employment claims.

Alternatively, if the Court finds the California Labor Code can apply to Labrie's claims, such application should be restricted only to that small portion of work actually performed by Labrie in California.  *See Wright v. Adventures Rolling Cross Country, Inc.*, 2012 U.S. Dist. LEXIS 104378, 17, 20 (N.D. Cal. May 3, 2012) (where "vast majority of the work was performed outside the state, indeed outside the country…dismissal [of California Labor Law claims] (with prejudice) is appropriate with respect to the work performed abroad").  However, as Labrie did not specifically plead that she worked any overtime during that period, or what if any expenses she incurred during the duration of her stay in California, the Second Cause of Action for unpaid overtime and Third Cause of Action for reimbursement of expenses should still be dismissed.  For the reasons set forth above, the Court should, at most, permit Labrie to pursue the First Cause of Action solely as it relates to time she establishes she worked within California and was not compensated, and dismiss all of Labrie's claims to the extent they seek any remedy under California Law for any alleged injury incurred outside of California.

**CONCLUSION**

For the foregoing reasons, the Court should grant Defendant's motion and dismiss counts one, two and three of the Amended Complaint.

Dated: New York, New York
April 9, 2012

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.

By:  /s/ Michael A. Eisenberg
     Roger A. Raimond
     Michael A. Eisenberg
875 Third Avenue, 9th Floor
New York, New York 10022
*Attorneys for Defendant*